## SUPREME COURT.

### GILBERT L. WILSON, Receiver, &c., vs. FREDERICK W. ALLEN and others.

Upon an appeal, from a judgment entered upon report of a referee, to the general term, the party prevailing is entitled to *costs of the appeal*, ($45) notwithstanding the provisions of the last clause of sub. 6, of § 307 of the amended code. *Held*, that the clause last mentioned must be rejected altogether, as totally and irreconcilably repugnant to every other part of the same act, upon the same subject. (See *Livingston* agt. *Miller*, ante, page 42.)

*Albany Special Term, Aug.* 7, 1849.—This was a motion to strike out of the judgment certain costs alleged to have been improperly inserted therein by the clerk. The action was tried by a referee, who made a report in favor of the plaintiff, upon which judgment was perfected. The defendants appealed to the general term, and upon such appeal the judgment was affirmed. When the judgment was entered the defendants objected to the allowance of any costs upon the appeal, upon the ground that none were allowed by law. The objection was overruled by the

clerk, some items being objected to, which are noticed in the opinion of the court. The clerk allowed $65 for costs upon the appeal, and $12.29 for disbursements and interest upon the report.

E. F. BULLARD, *for defendants.*

G. L. WILSON, *in person.*

HARRIS, Justice.—The decision of this motion involves an important and somewhat difficult question, arising upon the 6th subdivision of the 307th section of the code. If the last clause of that subdivision is to be literally applied, it follows that at least $45 of the costs allowed by the clerk must be stricken out of the judgment. Then the only costs which could be allowed to the plaintiff, would be ten dollars for each term of the court at which the cause was necessarily on the calendar, and postponed or not reached, allowable under the 8th subdivision of the same section, and the disbursements which may be allowed under the 311th section. Then, indeed, no other costs can be allowed, on any appeal from an inferior court to the Supreme Court, or from a *judgment* entered upon the direction of a single judge to the general term of the same court. No one can fail, I think, upon an examination and comparison of the various provisions of the code, upon the subject of costs, to come to the conclusion that, whatever else may have been the intention of the Legislature, such *was not* their intention.

With the exception of this single clause, all the provisions of the code relating to costs upon appeal, are consistent and harmonious. The same security for costs is to be given upon an appeal from an inferior court to the Supreme Court, or a judgment rendered by a single judge to the general term, as upon an appeal to the Court of Appeals. And yet, why require such security for costs, when no costs, or none but disbursements, may be recovered? The amount of costs, too, recoverable upon appeal in the different courts, is graduated according to the dignity of the court and the probable expense of employing counsel. Upon an appeal from a justice's judgment to the County Court, it is *twelve* or *fifteen* dollars, as the judgment is affirmed or reversed. In the Supreme Court, the amount is $45; and in the Court of Appeals, $75. But why, it may be asked, should $45 be fixed as the amount of costs on appeals in the Supreme Court, if it was intended that no costs should be recovered?—or why should the prevailing party in the County Court and in the Court of Appeals recover costs when in the same case no costs are given in the Supreme Court?

Again, it is provided by the 306th section that when, upon an appeal,

*a new trial shall be ordered*, the costs of the appeal shall be in the dis-cretion of the court. But if the 6th subdivision of the next section is, by its last clause, rendered inapplicable to appeals from judgments, how is effect to be given to this provision of the 306th section? Costs, in case of a new trial, are in the discretion of the court; but what costs? The only costs upon appeal are fixed by a provision declared to be in-applicable. Suppose, then, a new trial ordered upon appeal, and the court, in the exercise of its discretion, thinks proper to award costs to the prevailing party. What are the costs he is to recover? Clearly nothing, unless the 6th subdivision of the next section defines them. But to allow that subdivision to determine the costs to be recovered, when awarded upon ordering a new trial, would be in effect saying that, at least in *some cases*, "*its provisions* shall apply to appeals in cases other than those mentioned in section 349." So, too, it is provided that, when a judgment upon appeal is affirmed in part and reversed in part, the costs shall be in the discretion of the court. This provision also must become inoperative, so far as it relates to appeals in the Supreme Court, if the application of the 6th subdivision of the 307th section is to be controlled by the last clause. In short, if this effect be given to that clause, it renders the provisions of the 306th section, so far as they relate to appeals in the Supreme Court, wholly ineffectual. I cannot believe that the Legislature ever so intended.

But suppose, for the sake of harmonizing and giving effect to all the provisions we find upon the subject, we allow the 306th section so far to limit the operation of the 6th subdivision of the 307th section as to leave that subdivision applicable to the particular cases mentioned in the 306th section, the difficulty will not be diminished. The inconsis-tency will still remain of allowing costs upon a partial reversal, when none could have been recovered if the reversal had been entire. If this construction be given to these provisions, a party appealing would rarely prefer to have a complete reversal. He would choose to have enough of the judgment affirmed to enable the court to exercise its dis-cretion and give him costs. In that case, too, no costs would ever be recovered against the party appealing, when the judgment is affirmed. Such inconsistencies, not to say absurdities, never were intended by the Legislature.

But again: suppose we allow the last clause of the 6th subdivision to operate upon the preceding provision in the same subdivision, in the full literal sense of its terms, let us next inquire what would be the practical operation of the provision thus qualified and restricted. We have seen that it could not operate upon an appeal from a judgment rendered in an

inferior court by a single judge. Upon what, then, could it operate? Nothing, I apprehend, unless it be the cases mentioned in section 349. Suppose it to operate in fact upon that class of 'cases. The absurd consequences which would follow from such a construction are too obvious to require illustration. A party would recover costs upon an appeal from an order affecting in the slightest degree the merits of the action, when no costs could be given upon an appeal from a judgment involving the whole merits of the controversy. Costs would be awarded, and liberally too, upon an appeal from an order affecting a mere provisional remedy, when none would be provided upon an appeal involving a final determination of the rights of the parties. But would the provision have even this effect? I think not. The title of the code in which this provision is found, commences with abolishing the fee bill then existing, and declaring that certain allowances, to be termed costs, shall be made, by way of indemnity, to the *prevailing party, upon the judgment.* The 304th section declares that in certain actions, including nearly, if not all the actions which, under the former practice, would have been actions at law, as well as some equitable actions, the plaintiff, upon a recovery, that is as I understand it, if he be the prevailing party upon the judgment, shall be allowed costs of course, or as a matter of right. The next section, the 305th, declares that the defendant, if he prevails in the same actions, shall be entitled to costs. The 306th section declares in what cases costs shall be awarded in the discretion of the court. These three sections are evidently intended to regulate and determine the rights of the parties, in respect to costs in every action. They relate exclusively to costs upon *a recovery.* They determine the right of the prevailing party to costs *upon the judgment.* No allusion is made in either of these sections to costs to be awarded upon a motion. Having thus declared when and to whom costs shall or may be awarded in rendering judgment upon a recovery in the action, the 307th section proceeds to declare what shall constitute the costs so to be awarded, and the 311th section directs the manner in which the costs, *as above provided* shall be inserted *in the entry of judgment.* All these provisions clearly relate to the costs which the prevailing party is to recover *as a part of his judgment,* as distinguished from the costs which may be allowed upon a motion, and for which provision is subsequently made. That the Legislature understood these sections as exclusively applicable to costs upon judgments, is further evident from the fact that in one instance it was thought proper to extend their provisions to another case. By the 318th section it is provided that when the decision of a court of inferior jurisdiction in a *special proceeding*

shall be brought before the Supreme Court for review, such proceeding shall, *for the purposes of costs*, be deemed *an action at issue*, on a question of law from the time the same shall be brought into the Supreme Court. It is unnecessary here to inquire whether any provision has been made for bringing such a proceeding into the Supreme Court for review. But assuming that it may be brought there, the Legislature, regarding the provisions they had made for costs as applicable to such a case, adopt the section referred to with a view to bring the case within those provisions. So that now, such a proceeding, when brought into the Supreme Court, being, for the purposes of costs, regarded as an action at issue upon a question of law, the prevailing party would be entitled to costs under the 307th section.

The conclusion to which I have been led by this examination, is that, whatever else the Legislature intended, *it did not intend* that the provisions of the 6th subdivision of the 307th section should be applicable to an order made by a single judge upon motion. This being so, it follows, if its provisions are not applicable to other appeals, that this subdivision is wholly inoperative—the restricting clause destroys its whole effect.

It is one of the established rules, governing the construction of statutes, that if possible, effect should be given to each part, so that, if it can be prevented, no clause, sentence, or even word may be regarded as superfluous, void, or insignificant. It is also a rule, equally well-established, that such a construction ought to be put upon a statute as will best give effect to the intention of the lawgiver. It was said by THOMPSON, Ch. J. in *The People* v. *the Utica Insurance Co.* 15 *Johnson*, 389, that "a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers." I have already shown conclusively, I think, that the clause which is the occasion of this examination, is not only opposed to the general scope and object of the provisions of the code relating to costs, but it is also absolutely incompatible with several other provisions. And more than this, that if this clause, in the fair import of its terms, is to prevail, it is itself destructive of the entire subdivision in which it is found. Under these circumstances I must, under the guidance of the rules which regulate in the exposition of statutes, reject the clause altogether as totally and irreconcilably repugnant to the manifest intention of the Legislature as expressed in every other part of the same act relating to the same subject.

It was said by Lord Coke, that great questions had often arisen "upon acts of parliament, overladen with provisos, and additions and many times on a sudden penned or corrected, by men of none, or very little judgment

in law." It needs but the perusal of the code to see that this ground of complaint was not confined to the days of Lord Coke. A signal instance of the incautious haste with which "provisos and additions" are sometimes penned and adopted, is presented in the very title which is the subject of this review. The 322d section declares that upon the settlement of any action mentioned in section 304, no greater sum shall be demanded from the defendant as costs, *than at the rates prescribed by that section.* Taken as it stands, the section is utterly nugatory and unmeaning. It does not express the intention of the Legislature or the person who drew it. It was undoubtedly intended to refer for the measure of costs in the cases specified in that section to the 307th section, and it will probably be so construed. But, inadvertently, the framers of that section instead of using at the end, the words "by the 307th section," said "by that section," and the Legislature, without perceiving the mistake, adopted it. So, if I could be allowed to go out of the act itself, I might refer to the history of the clause I have been constrained to reject, as it is generally understood, to show that it was inserted as an amendment, *ex cautela,* for the very purpose of preventing the provision, to which it was intended it should apply, from being, by construction, made applicable to appeals in cases mentioned in section 349, and by some mistake in preparing or transcribing the amendment, the word "not" was inserted instead of "only."

I shall, therefore, hold in this case that upon the affirmance of the judgment upon appeal, the plaintiff became entitled to the costs prescribed by the 6th subdivision of the 307th section of the code. But the defendants are entitled to have $10 stricken out of the judgment. After the plaintiff had noticed the cause for argument at the Albany general term, to be held on the first Monday of March, the defendants noticed it for the Saratoga general term, to be held on the same day. I think the plaintiff is not entitled to the costs prescribed by the 8th subdivision of the 307th section for *each* of those terms. The cause was not *necessarily* or even properly on the Saratoga calendar. Neither party should have costs upon this motion.