ABIJAH WESTON and JAMES D. WESTON, Respondents, v.
ELIZABETH REICH and LORENZ REICH, Appellants.

*Order for the examination of a defendant before trial — it will not be granted to
enable the plaintiff to prepare for the trial — Code of Civil Procedure, sec. 872.*

An order for the examination of a defendant before the trial of an action will
not be made when the object of the plaintiff in procuring the testimony of the
defendant, as disclosed by the affidavits read on the motion, is to enable the
plaintiff to prepare for the trial of the action.

The plain spirit and intent of the Code is to permit the deposition to be taken
only where the testimony is material and necessary to the party for use on the
trial of the action.

Appeal from an order entered in Kings County, denying a motion
to vacate an order for the examination of the defendant before the
trial of the action.

*Abram Kling,* for the appellants.

*F. P. Bellamy,* for the respondents.

Dykman, J.:

This is an appeal from an order denying a motion to vacate an
order for the examination of the defendant before trial.

The action is for the foreclosure of a mechanic's lien for build-
ing material. The answer of the defendant, Lorenz Reich, whom
the plaintiffs desire to examine, admits the delivery of the lumber
substantially in accordance with the allegation of the plaintiff's com-
plaint; and in the affidavit presented for the procurement of the
order, the attorney says the testimony of the defendant is necessary
and material for the plaintiff in the prosecution of this action, and
the reason why it is material is that the various allegations and
defenses contained in said defendant's answer are inconsistent;
that it is impossible to determine what part of the material alleged
in plaintiff's complaint and bill of particulars the said defendant
admits to have received, or whether he admits he has received any
or not; that it is impossible for plaintiffs to know of what items
of material they will have to prove the sale and delivery, and what
witnesses will be necessary for them to produce upon the trial of
this action, to prove such sale and delivery. Further down in the

affidavit he says the plaintiffs cannot prepare or safely proceed to the trial of this action until such examination has been made.

There is nothing to show any peculiar knowledge in the possession of the defendant, and from the nature of the case and the transactions involved, it is entirely plain that the plaintiffs have full knowledge of all the facts. They know the material sold to the defendant, and all the details are peculiarly within their knowledge.

The object of the plaintiffs, as disclosed by the affidavit, is to procure the testimony of the defendant to enable them to prepare for the trial of the action, and although some judges have granted these orders with more freedom than others, yet they have never been granted for such a purpose alone.

Some necessity for the procurement of the depositions of the party should be shown to exist, and the plain spirit and intention of the Code is to permit the deposition to be taken only where the testimony is material and necessary for the party for use on the trial of the action.

This department is fully committed to these views by many decisions, and it is believed they are supported by the adjudicated cases all over the State.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order should be granted, with ten dollars costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order reversed with ten dollars costs and disbursements, and motion granted with ten dollars costs.