LOUISA WILLIAMS AND OTHERS, RESPONDENTS, *v.* SAMUEL D. FOLSOM AND OTHERS, APPELLANTS.

*Examination of a party before trial — order reversed if it is not stated in the affidavits that the testimony is to be used on the trial.*

In order to entitle a party to an order, requiring an examination of his adversary before trial, he must show special circumstances making it important to take the testimony of his adversary before trial instead of at the trial.

The fact that the affidavits, upon which the application is made, do not state that it is intended to use the testimony upon the trial, justifies the court in setting aside such an order for an examination.

*Jenkins* v. *Putnam* (106 N. Y., 272) followed.

APPEAL from an order, made at the New York Special Term, denying a motion to vacate an order for the examination of the defendants before trial, which was entered in the office of the clerk of the city and county of New York on December 7, 1888.

*E. C. Perkins,* for the appellants.

*Paul D. Cravath,* for the respondents.

VAN BRUNT, P. J. :

It is apparent, from the brief of the respondents in this case, that the ground upon which the order is sought to be upheld is that there is no need for a party making an application for the examination of his adversary before trial to show any special circumstance making it important to take the testimony of such adversary before trial instead of at the trial.

We think this is an entirely erroneous view to take of the decisions made upon this point. It is true that the language of the Code may be claimed to be mandatory, but it has been repeatedly held that, taking the whole of the provisions of the Code, it is apparent

that it was not intended to deprive the judge of all discretion, but that it should be made to appear, by the papers upon which the order is founded, that there is some good reason for directing the examination to be had before the trial rather than at the trial. In the case at bar no such reason appears. It is true that it is said that, in view of the fact that the defendants are unfriendly to the interest of the plaintiff, the plaintiff cannot safely go to trial without first having caused the defendants to be examined. But this allegation is not founded upon any fact, but is simply the conclusion of the affiant. There is nothing to show that the defendants are any more hostile to the interest of the plaintiffs than the defendant in any other case against whom a claim is attempted to be enforced by suit. This statement, therefore, affords no reason.

In regard to the other statements contained in the affidavit, there is no allegation that the facts are not perfectly known to the plaintiff, nor that they could not have their examination of the defendants at the trial; under these circumstances it is apparent upon the face of the application that the desire of the plaintiffs is to anticipate, if possible, the defense, and not to obtain the testimony of the defendants for the purposes of use upon the trial. In fact, they nowhere state that they intend to use the testimony upon the trial.

In the case of *Jenkins* v. *Putnam* (106 N. Y., 272) it is distinctly held by the Court of Appeals that where this deficiency of allegation exists the court is justified in setting aside the order for the examination.

We think, therefore, that the application in no way complies with the rules laid down, controlling the granting of orders of this description, and that no case has been made out to justify the court in awarding to the plaintiffs this right before the time which they are at liberty to exercise it without the permission of the court, at the trial.

The order should be reversed, with ten dollars costs and disbursements.

Brady and Daniels, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.