### BLOCKER *v.* GUILD *et al.*

*(Common Pleas of New York City and County, General Term.   December 2, 1889.)*

**1. EXAMINATION OF PARTY BEFORE TRIAL—NATURAL PERSONS.**

An order will not be granted, at plaintiff's instance, under Code Civil Proc. N. Y. § 873, for the examination before trial of an adverse party who is a natural person, where the issue between them is simply one of veracity and credibility, where no peculiar circumstances appear to make the case different from ordinary cases of the same character, where it is not alleged that any documentary evidence is in the possession of such adverse party, or it is not shown that such oral evidence as he may give cannot be just as well given at the trial.

**2. SAME—CORPORATIONS—PRODUCTION OF DOCUMENTS.**

In an action by a stockholder against a corporation for false representations, where plaintiff's affidavit avers that out of certain documents in possession of the company or its officers he will be able to deduce proof of the falsity of the representations to be used at the trial, etc., an order will be granted him under Code Civil Proc. N. Y. §§ 870-873, for the examination before trial of the officers, and the inspection of such books and papers, of the corporation, but the examination will be confined to official matters and acts of the company in connection with the books and documents produced.

Appeal from special term.

Action by Adam D. Blocker against Alexander Guild and the Zelaya Mining Company, for false warranty. There was an order granting, at plaintiff's instance, an examination of the defendant Guild, and of the secretary and treasurer of the defendant corporation, and the production for use upon such examination of various books and documents of said corporation. Defendants' motion to vacate this order was denied. Defendants appeal.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*Anderson & Howland,* for appellants.   *John W. Weed,* for respondent.

LARREMORE, C. J. The defendant Guild is the president of the defendant corporation. The latter was organized, under the laws of the state of New York, to acquire and operate gold mines in Tegucigalpa, in the republic of Honduras. The plaintiff purchased stock in said corporation, relying, as he claims, upon erroneous or false information furnished by the defendant Guild, individually, and by the defendant corporation, as to said corporation's property, franchises, and business prospects. He alleges such misrepresentations at length in the complaint, and claims damages. The defendants have answered, denying all the material allegations of the complaint. No objection has been raised as to the form of the action or the joinder of parties defendant. This appeal is from an order denying a motion to vacate an order granting, at plaintiff's instance, an examination of the defendant Guild and of the secretary and treasurer of the defendant corporation, and directing the production for use upon such examination of various books and documents of said corporation. An inspection of the order, and the papers on which it was granted, indicates that the probable intention was to allow an examination before trial of the defendant Guild as an individual. Under the interpretations of section 873 of the Code by recent decisions, I do not think that valid reasons appear for such examination. As far as the pleadings and affidavits disclose, the issue between plaintiff and Guild is simply one of veracity and credibility. No peculiar circumstances appear to differentiate the present case from the ordinary run of actions based upon fraudulent representations or false warranty. It is not alleged that any important documentary evidence is in the possession of Guild as an individual, nor is it shown why such oral evidence as plaintiff expects to draw from him may not with equal force be taken upon the trial. The courts have united in holding that the examination of an adverse party, being a natural person, shall not be granted as of course, and the moving papers fail to establish that such examination in the case at bar is material and necessary.

Our conclusion is otherwise with regard to the defendant corporation. One of the allegations of false warranty is that it was represented to plaintiff, before he purchased his stock, that the company owned in its own right a large tract of valuable land, which representation was untrue in all essential respects. Plaintiff avers that out of documents in the possession of the company or its officers he will be able to deduce proof, competent for use on the trial, that such representation was false when it was made, and that it was so made either with knowledge of its falsity, or with culpable neglect to ascertain whether or not it was true. Defendants' answer to this suggestion is that plaintiff could ascertain by researches in Honduras whether or not the company owned the land in question at the time referred to, and that it is therefore unnecessary that he should resort to the company's archives for such proof. But plaintiff should not be put to the trouble and expense of such researches in a distant land, if the evidence exists near at hand, in the books and papers of a corporation of which he is a stockholder. The obvious intention of the legislature in enacting section 870 of the Code, in connection with sections 872 and 873, was to enable a party to an action to procure evidence for use on the trial, by taking the deposition of an adverse party or co-plaintiff or co-defendant. That the special purpose in inserting section 870 was to entitle a party to obtain original evidence for the trial in such manner is shown by section 882, which allows the deposition of an adverse party to be read in evidence, whether the latter is able to attend the trial or not, while, in the case of other witnesses, proof of inability to be present and testify orally must be given before their depositions become competent. Subdivision 7 of section 872 provides for taking a deposition of this character when a corporation is a party, and also for the inspection of books and papers of the corporation, in connection with the testimony of its officers. We have referred, by way of illustration, to one piece of evidence which plaintiff expects to extract from

such documents, and there are other matters of proof which he also alleges he verily believes will be discovered. We think the application, as against the defendant corporation, is a *bona fide* attempt to procure evidence, and comes clearly within the express privileges granted by the sections cited. An obvious criticism upon the above reasons for sustaining the order is that the language of such sections of the Code is equally broad with regard to natural persons and corporations; and that, nevertheless, the provisions have in the case of natural persons been construed with the utmost stringency. The force of this point must be conceded; but it should be remembered that any theoretical inconsistency that may arise results from the artificial and arbitrary interpretation which courts have given to the sections, in order to protect individuals against fishing excursions. If the language were taken literally, the right to an examination before trial would be almost a matter of course, both as to natural persons and corporations. We see no reason for extending to corporations that special protection which, by judicial adjudications, has been grafted upon the statute, and is not contained in it. The affidavit upon which the order was granted contains sufficient to uphold such order. It sets forth the names of the books and papers as to the contents of which an examination is desired; the names of two of the officers, to-wit, that of the president and that of the secretary and treasurer; and reasons why the testimony of such officers, and an examination of such books and papers, is material and necessary. We are not obliged to vacate the order because, in directing Guild to appear for examination, it does not describe him as president, and the apparent intention was that he should be examined as an individual. He and Lyman, the secretary and treasurer, must both attend; but the questions to be put to them shall be confined to official matters and acts of the company, in connection with the books and documents produced, and shall not extend to their individual relations or transactions with plaintiff. The order should be affirmed, without costs of this appeal.