GOLIN *et al. v.* TOWN OF MOOERS.

*(Supreme Court, General Term, Third Department.* December 11, 1889.)

EXAMINATION OF PARTY BEFORE TRIAL.

    In an action for injuries caused by an alleged defect in one of defendant's bridges, defendant, before the cause was at issue, made a motion to examine plaintiffs as to the facts and circumstances of the accident, such as the location of and defects in the bridge, etc. *Held* that, as these matters would be put in issue by a general denial, the examination was not needed to enable defendant to answer, and would not be allowed, under Code Civil Proc. N. Y. §§ 870, 872, permitting a party to take the deposition of the opposite party before trial.

Appeal from special term, Clinton county.

Action by Charles Golin and another against the town of Mooers, for injuries sustained owing to an alleged defect in one of defendant's bridges. Defendant obtained an order for plaintiffs to appear and be examined, under Code Civil Proc. §§ 870, 872. At a special term, plaintiffs moved to vacate this order; and from an order denying their motion they appeal.

Argued before LEARNED, P J., and LANDON and PUTNAM, JJ.

*S. L. Wheeler,* (*G. H. Beckwith,* of counsel,) for appellants. *Shedden & Booth,* for respondent.

LEARNED, P. J. This cause is not at issue, no answer having been served. The defendant desires to examine the plaintiffs as to the facts and circumstances relating to the accident, the location of the bridge, the part that was defective, the parts of the machine which were broken, the names of the persons with whom plaintiffs had contracts, the names of the persons present at the accident. It is plain that such an examination is not needed to enable defendant to answer. A general denial would put these matters in issue. If the defendant needs something in the nature of a bill of particulars, this is not the way to obtain it. The object of the examination is plainly to find out what plaintiffs will testify to on the trial, so that defendant may the better meet the plaintiffs' evidence,—a kind of examination which has been called "a fishing excursion." In *Fogg* v. *Fisk,* 30 Hun, 61, cited by defendant, it was pointed out that the affidavits showed that the party making the application desired to "obtain evidence in support of his own case." In that respect the court said that the case differed from *Chapin* v. *Thompson,* 16 Hun, 53; *Beach* v. *Mayor, etc.,* 4 Abb. N. C. 236. In *Ball* v. *Publishing Co.,* 5 N. Y. St. Rep. 230, also cited by defendant, the affidavit showed that defendant needed the evidence of plaintiff "to prove the allegations contained in its answer." In the present case there is no answer, and the defendant seeks to examine plaintiffs as to the facts of their cause of action. Now, the case of *Beach* v. *Mayor, etc.,* above cited, is strikingly like the present. The plaintiff claimed to have been injured by the dangerous condition of a street over which he was driving, and the defendant wished to examine him as to the facts and circumstances,—among other things, as to the names of bystanders. The court said that the object of the application was to force the plaintiff, by an examination, to furnish to the defendants the information necessary to enable them to look up witnesses to be used against him. That is this case. The same view was taken by this court in *Chapin* v. *Thompson,* 16 Hun, 53, and in *Weston* v. *Reich,* 48 Hun, 320, 1 N. Y. Supp. 412. So, also, is *Gilbert* v. *Railroad Co.,* 49 N. Y. Super. Ct. 129. We are satisfied that on principle and on repeated decisions this order for examination should not stand. Order appealed from reversed, with $10 costs and printing disbursements; and motion to vacate order for examination granted, with $10 costs.

PUTNAM, J., (*concurring.*) Under sections 870 and 872 of the Code of Civil Procedure, a party may take the deposition of the opposite party before trial; but

by subdivision 4 of section 872, in his affidavit, on which he applies for the order to examine him, he must show that the testimony desired is material and necessary in the prosecution or defense of the action. It is not sufficient to state in the affidavit that the desired testimony is material and necessary; for rule 83 of the supreme court provides that in the affidavit the party applying for such an order shall state the facts and circumstances showing that such an examination is material and necessary. Subdivision 4 of section 872 of the Code and rule 83 have been considered and construed in many reported cases; and it is held that "the judge must be able to see from the facts" stated that the testimony is material and necessary. "If, from the nature of the action and the other facts disclosed, he can see that the examination is not necessary for the party seeking it," then he should not grant the order. See *Jenkins* v *Putnam*, 106 N. Y. 275, 12 N. E. Rep. 613; *Same* v. *Same*, 26 Wkly. Dig. 155. It must fairly appear from the facts set out in the affidavit and the papers submitted to the judge on the application for such an order that the applicant requires the testimony of such a party sought to be examined as a witness. If the applicant evidently does not know whether the evidence sought is material or not, or the object of the examination is to find out what the opposite party will swear to, the order should be denied. In this case the action is brought for injuries to the property of plaintiffs, alleged to have occurred by reason of a defective bridge; and damages were claimed for injuries to a threshing-machine, and the loss of benefits of contracts for threshing grain. The affidavit states only the following facts, if any, showing the examination of plaintiffs material and necessary: "The testimony of plaintiffs in this action is material and necessary, on the part of the defendant herein, * * * to obtain * * * a statement of all the facts and circumstances within the knowledge of said plaintiffs relating to said accident, * * * the exact location of the bridge, and the part of said bridge that the plaintiffs allege in said complaint was defective and out of repair, and unsafe for use; what parts of said threshing-machine were broken and rendered worthless; what contracts the plaintiffs had for threshing grain mentioned in said complaint, the names of the persons with whom the same were made, and the terms of the contracts; and the name or names of all person or persons who were present at the time of said accident." It does not appear from the affidavit but what the defendant, or its officers, know the location of the bridge, and the defective part thereof, as well as the plaintiffs. It is to be presumed that the officers of the defendant have as much knowledge in this regard as the plaintiffs. It is not shown that the officers of the defendant did not know what parts of the machine were broken or injured, nor is it alleged that the defendant or its officers cannot have inspection of the machine. As to the contracts that plaintiffs had, and with whom, if these facts are important, material, or necessary for the defendants to know, and are not known to its officers, the better way to obtain the desired information is to obtain a bill of particulars. It will not be seriously claimed that an order to examine plaintiffs should be given, in order that defendants may ascertain who were present when the accident occurred. It will be perceived that there is an absence of proof in the affidavit on which the order to examine was obtained of any fact showing that it was necessary for defendant to examine plaintiffs before trial, and that any examination taken would probably be used on the trial. The affidavit in this case was certainly no stronger than that presented to the judge in *Jenkins* v. *Putnam*, (see 106 N. Y., at page 274, 12 N. E. Rep. 613;) and yet that affidavit has been held by this court insufficient to justify the granting of such an order. *Jenkins* v. *Putnam*, 26 Wkly. Dig. 155. See, also, *Chapin* v. *Thompson*, 16 Hun, 53. We do not think that any facts or circumstances appeared in the papers submitted to the county judge which justified the order granted to examine the plaintiffs before trial, under the construction given by the courts to rule 83 and subdivision 4 of sec-

tion 872 of the Code of Civil Procedure.   The order appealed from should be reversed, with costs and disbursements, and the motion made at special term granted, with $10 costs.