### DALZELL *v.* FAHYS WATCH-CASE CO.

*(Superior Court of New York City, General Term.   May 5, 1890.)*

DISCOVERY—EXAMINATION OF DEFENDANT BEFORE TRIAL.

An order for the examination of defendant's officers before service of the complaint was based on an affidavit of plaintiff that the action was to recover damages

for breach of a contract whereby plaintiff assigned certain letters patent to defendant, and defendant agreed to manufacture and sell the patented articles for its own and plaintiff's joint account; and that, "as plaintiff is informed and believes," defendant did manufacture a large quantity of such articles, and disposed of them at a large quantity, and "now refuses" to account therefor, and pay over the proportion of the profits. *Held*, that the order should be vacated, as the affidavit disclosed that plaintiff had sufficient facts for framing a complaint based on defendant's refusal to account.

Appeal from special term.

Action by Allen C. Dalzell against the Fahys Watch-Case Company. Before serving a complaint, plaintiff obtained an order, under Code Civil Proc. N. Y. § 872, for the examination of certain of defendant's officers and books, upon an affidavit, the material parts of which are as follows: "(3) That the action is brought to recover damages for breach of a contract dated April 21, 1886, made by plaintiff with defendant, in writing, whereby plaintiff agreed to and did thereafter assign unto said defendant certain letters patent, and defendant agreed to manufacture and sell for joint account of this plaintiff and defendant the commodities covered by said letters patent, and to pay over to this plaintiff the equal moiety of net profits." "(5) That the defendant did, as deponent is informed, verily believes, and alleges, manufacture under said agreement, and the letters patent so as aforesaid by this plaintiff assigned, large quantities of said commodities, and, they so being the joint property of this plaintiff and defendant, the defendant has disposed of them in some way, but, as deponent verily believes, at a substantial profit, and now neglects and refuses to account thereof, and of the disposition of said common property, and pay over the proportion of net profits as agreed; that the substance of the judgment demanded is damages for the breach aforesaid, measured by the amount found due therefor upon the final determination of this action." "(7) That an examination of the defendant through its officers aforesaid, and as well of its books, to-wit, its ledger, journal, day-book, sales-book, cash-book, is material and necessary to deponent to enable him to ascertain the disposition by defendant of said joint property, and the method thereof, and, if the same prove to be by sales, then to ascertain the persons concerned therein, the character of the sales and terms thereof; which facts are material and necessary to be known, are at present unknown to deponent, and cannot, other than by the examination herein prayed, be discovered, and the plaintiff enabled to frame his complaint." Defendant's motion to vacate the order was denied, but the order was modified by striking out that part which permitted "plaintiff or his counsel" to examine the books, though that part which allowed defendant's officers to be examined concerning the contents of the books remained. From this order, except so much as modified the original order, defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Wetmore & Jenner*, (*Wm. A. Jenner*, of counsel,) for appellant.  *Wilber & Oldham*, (*S. W. Fullerton*, of counsel,) for respondent.

FREEDMAN, J.  This is an appeal from an order denying defendant's motion to vacate an order granted *ex parte* for the examination of defendant's officers and books before service of the complaint.  The motion was made (1) upon the alleged indefiniteness and insufficiency of plaintiff's affidavit; and (2) upon affidavits and exhibits showing cause against the order.  The power of the court to vacate the order for either of the reasons stated cannot be questioned.  *Levy* v. *Loeb*, 44 N. Y. Super. Ct. 291, affirmed, 75 N. Y. 609.  The plaintiff obtained the order before service of a copy of the complaint, and consequently he was bound to show that, at that stage of the case, the examination was material and necessary to enable him to frame his complaint.  The object of allowing the examination to be had before the joinder of issue is not to enable the plaintiff to ascertain whether he has a cause of action, but

to enable him to elicit material facts necessary to be incorporated into the statement of the cause of action which he has. A careful inspection of the record shows, not only that the plaintiff's affidavit, even if barely sufficient in the first instance, was very indefinite, but also that the plaintiff had sufficient facts for framing a complaint based upon defendant's refusal to account, and that he failed to establish any necessity for the order of examination. The case, as presented by the affidavits and exhibits of the defendant, called upon the court to see to it that the plaintiff should establish the good faith of his application, and the materiality and necessity of the examination for the purpose of framing a complaint. This the plaintiff failed to do, and consequently the order should have been vacated, and not merely modified as to the books. The order appealed from should be reversed, and the order of examination vacated, with $10 costs of the appeal, and disbursements to be taxed, and $10 costs of motion. All concur.