### HUNTOON *v.* JERKOWSKI.

(*Supreme Court, General Term, First Department.* January 16, 1891.)

DISCOVERY—EXAMINATION OF PARTY BEFORE SUIT.

An affidavit of plaintiff, in an action upon a check, the defense to which was that the check was for alleged gaming, and other illegal considerations, stated' that the check was given by defendant in satisfaction of a balance found due plaintiff on a settlement of accounts between them, and that defendant then took away with him plaintiff's memoranda, by which such balance was ascertained; that there was no other means of ascertaining such balance; that there was a valid consideration for such check; and that the defendant had special knowledge regarding certain facts of the case not possessed by any one else. *Held,* that these averments sufficiently showed that the examination of the defendant before ¡trial was necessary to obtain evidence for plaintiff.

Appeal from special term, New York county.

Action by John E. Huntoon against Marcus Jerkowski. Defendant appeals from an order denying a motion to vacate an order for his examination as a witness before trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Blumenstiel & Hirsch,* for appellant. *Ten Eyck & Remington,* (*S. A. Ten Eyck,* of counsel,) for respondent.

DANIELS, J. The plaintiff's cause of action ·is a check made by the defendant to the order of, and delivered to, the plaintiff, for the sum of $1,040. By the second· defense contained in the answer it is alleged that the check was given on account of a gambling and wager contract, and for an illegal consideration to discharge that contract. The plaintiff has stated in ·his affidavit for the order directing the defendant to appear for examination that he was indebted to him upon a promissory note, which was surrendered when the check was received; that he had advanced money for the defendant at his request and for his benefit, and the note was given for the amount owing for those advances and as the result of a settlement which then took place. It is also added that the defendant then took away with him contracts and memoranda which were up to that time in the possession of ·the plaintiff, showing their transactions, and from which the amount owing had been ascertained; that he had no other account of them, or of his advances, and desired to examine the defendant to prove those facts; and that there was a good consideration for the check; and that it was not given for the cause alleged by him. It was also stated that the defendant has special knowledge of some of the facts not possessed by any one else, and that the testimony was material and necessary for the plaintiff, who intended to use the examination upon the trial of the action. These statements presented a case in which it is fairly evident that the examination of the defendant is necessary to obtain evidence for the plaintiff on the trial of the action; for without it the custodian of the contracts and memoranda mentioned may be wholly unknown to him, and

they may be unattainable by him when the trial shall take place. He has the right to fortify himself against that uncertainty by obtaining from the defendant previous knowledge of them, and of the means which may become necessary for their production at the trial. · Without that he may fail in his action for the want of this evidence, when with the information he would otherwise be able to succeed. He is not entitled by this proceeding to secure their production on the examination, but he should be permitted to obtain the information which will lead to that production when they may be regularly required as evidence in his behalf. They are as much his property as they are the property of the defendant, and he should be allowed to avail himself of the knowledge the defendant has concerning them before the exigencies of the trial shall be brought before him. Beyond that the facts which may be known to the defendant as to the advances of money finally forming the consideration of the check are equally, if not still more, important by way of evidence for the plaintiff; and he may be well allowed to obtain that proof in this manner, and thereby enabled to meet the defense alleged, if the facts will warrant that result. The right of the plaintiff to this examination is quite consistent with all that has been said in the case of *Williams* v. *Folsom*, 5 N. Y. Supp. 211. Special circumstances appeared in support of the order, disclosing the necessity of the examination before the trial; and it should be affirmed, with $10 costs and the disbursements. All concur.