### THEBAUD *v.* HUME *et al.*

(*Superior Court of Buffalo, General Term.*   July 16, 1891.)

DISCOVERY—EXAMINATION OF PARTY BEFORE TRIAL.

> Defendants in ejectment made affidavit that they could not form any idea of the theory, pretense, or claim on which plaintiff relied to set up a claim to the land, and asked the court to order an examination of plaintiff as to the source and character of his title, to enable them to answer. *Held*, that it was not an abuse of discretion to grant the order, as defendants were entitled to attempt to overthrow the title set up by plaintiff. HATCH, J., dissenting.

Appeal from special term. Motion for reargument.

Action in ejectment by John J. Thebaud against Eliza Hume and others. From an order "for an examination of plaintiff as to the source and character of the title to the lands mentioned in the complaint," plaintiff appeals.

Argued before BECKWITH, C. J., and HATCH, J.

*Frank C. Ferguson*, for appellant   *Morris Morey*, for respondents.

BECKWITH, C. J.   This is a motion for the reargument of an appeal from an order made at special term "for an examination of the plaintiff as to the source and character of the title to lands mentioned in the complaint." This action is ejectment. The court at special term decided that an examination of the plaintiff as to the nature and source of his alleged title was material and necessary to enable the defendants to prepare their answer. The facts and circumstances stated in the defendants' affidavits, upon which they rely to show that the examination of the plaintiff is material and necessary, are very much the same facts and circumstances that would be put forth by the possessor of land against a stranger who should come along and claim to own his land. The defendants say, in effect, that they cannot form any idea of

the theory, pretense, or claim upon which the plaintiff sets up a right to the land; that they have searched the records and made inquiries, and cannot get any hint or notion of the ground upon which the plaintiff claims to be the owner of the parcel of land in question; that the plaintiff does not disclose how he became the owner, whether by deed, devise, or otherwise; and they affirm that the nature of their defense is that the plaintiff has "no right, title, or interest in or to said premises, and no present right to the possession thereof, as against the defendants." They ask *the plaintiff to disclose his title,* the nature of it, by showing the source of it, so far as to enable them to answer intelligently. The defense will consist, not only in establishing the validity of the title claimed to belong to the defendants, but also in showing the invalidity of the plaintiff's title. To overthrow the plaintiff's title is obviously one defense which the defendants would have a right to attempt to accomplish, and the quality and character of that title is matter as material and necessary for the establishment of the defendants' answer as the plaintiff's complaint. And it was in this view that, when the defense consists in destroying the plaintiff's case, it was held, under the chancery jurisdiction, that a defendant could sometimes enforce discovery from a plaintiff, when, under like circumstances, a plaintiff could not examine into a defendant's proof or grounds of defense. *Hoffmann* v. *Postill,* L. R. 4 Ch. App. 678. It is true that the defendants could answer by a general denial, but they would be in the dark, and the object of an examination of the plaintiff would be to enable them to answer intelligently; to enable them to know something about what they are setting up an answer against; what the title claimed by the plaintiff is; what source it comes from. I think the plaintiff is bound to answer questions that will exhibit his title, for such disclosure could enable the defendants to answer, although plaintiff could not be compelled to discover the instruments of proof by which he intends to support his claim any further than necessary to show the source of title. The judge who made the order appealed from says in his opinion: "The defendants must necessarily attack the plaintiff's title or show a better one in themselves. It appears that the defendants have failed, after search and inquiry, to ascertain what the source of plaintiff's title is, and I can see how such information may be necessary to the defendants in framing their answer to meet the facts. I think, however, that the examination should be limited to the sole question of the source and character of plaintiff's title." It thus appears that Judge TITUS took notice of precise facts and circumstances which he thought justified the exercise of the discretionary power given by the statute to grant the order. We are unable to say that that power was improperly exercised in this case. The examination is ordered to be confined to the character and source of the plaintiff's title, and is not to be extended to collateral matters, such as surveys, boundaries, practical location, nor to the plaintiff's means of proof, further than necessary to disclose the source of the alleged title. The defendants would seem to be entitled to so much light as that. Adams, Eq. p. 9. In *Powers* v. *Elmendorf,* 4 How. Pr. 59, Justice HARRIS held that defendants should be compelled to disclose title-deeds. But this proceeding is governed by the statute and the rules of court. The defendants' papers conform technically to the requirements of the Code. Rule 83 requires the defendants to state the facts and circumstances which show that the examination of the party is material and necessary. Here the defendants have stated the facts and circumstances which they thought showed the necessity of the examination. Among other things, they show that they cannot get any clue as to the claim of title, pretense or color of title, under which the plaintiff alleges a right to recover the premises. The case as made upon the papers is like that of a citizen who, while occupying his property under an undoubted ownership, is sued by a stranger, who alleges ownership in himself, but upon what title or claim the defendant is unable, after search and inquiry, to get any light,

The judge who granted the order deemed the facts sufficient, and we cannot say that there was an abuse of his discretionary power. *Glenney* v. *Stedwell*, 64 N. Y. 120; *Herbage* v. *City of Utica*, 109 N. Y. 81, 16 N. E. Rep. 62.

We understand that ordinarily a defendant cannot compel a plaintiff to produce for examination the evidence, documentary or other kinds, upon which he relies to establish his case, unless there is some fact in connection therewith which the defendant relies upon to establish his defense, when he may have discovery, as was done in *Jackson* v. *Jones*, 3 Cow. 17, and in *Kearny* v. *Jeffries*, 48 Miss. 343. In ejectment, the defense may depend upon the ability of the defendant to attack and expose invalidity in the plaintiff's alleged title, and, in order to plead and to prepare himself for such a mode of defense, he would find it material to have some knowledge of the source of the plaintiff's alleged title, whether founded upon deeds, inheritance, will, fraud, estoppel, or other claim. Of course, the plaintiff, in order to recover, must establish his title; but that does not alter the position of the defendants, who, before they can intelligently plead, must have some information as to the source of that title which the plaintiff alleges he has, and in respect to which the defendants, after effort to find out its character, remain in the dark. We think the order of this court affirming the order of the special term should not be disturbed, and therefore the motion for a reargument is denied.

HATCH, J., (*dissenting.*) An order was made herein at special term, requiring plaintiff to submit to an examination for the purpose of enabling defendants to frame an answer. On appeal, this order has been affirmed. Further examination convinces my mind that, in the disposition of the motion, the court has overlooked a plain distinction between the examination of a party for the purpose of framing a pleading, and where examination is ordered after issue is joined, making application of the rules governing the latter, instead of the former. The sections of the Code which authorize this practice are found in chapter 9, tit. 3, of which section 872 is alone material to the present consideration. Similar practice existed in the court of chancery, and under the Revised Statutes, and was formulated in section 391 of the old Code. Under the latter the practice had become fairly well settled. Cases construing that section first held that the examination of a party before trial was a matter of right, whether before or after issue joined, upon showing that it related to matters material to the issue. *Fullerton* v. *Gaylord*, 7 Rob. (N. Y.) 552; *Glenney* v. *Stedwell*, 64 N. Y. 120; *Greene* v. *Herder*, 7 Rob. (N. Y.) 459. But the courts quite early made a distinction between examinations had before issue joined and after. In the latter case it was granted mostly as matter of course. In the former it was only granted upon showing that it was clearly material; that the application was made in good faith, and for a proper and necessary purpose. *Winston* v. *English*, 35 N. Y. Super. Ct. 512. Under the present practice this rule has been reiterated, and applied. *Levy* v. *Loeb*, 44 N. Y. Super. Ct. 291, affirmed on appeal, 75 N. Y. 609. The reasons assigned for this distinction are that the process is liable to abuse; that under it the attainment of improper ends is comparatively easy; and that great difficulty exists in restricting the examination within proper limits. Of the latter, the present case furnishes a striking example. Even in cases where issue is joined, the court is called upon to guard the right of the party, to the end that it may not be productive of evil. *Sheehan* v. *Turnpike Co.*, 8 N. Y. Supp. 14. The application is not to be granted as matter of course, but the court must be able to see, from the facts presented, that such examination is material and necessary. *Blocker* v. *Guild*, 7 N. Y. Supp. 651; *Golin* v. *Town of Mooers*, 8 N. Y. Supp. 12. When such facts are presented, the party becomes entitled to have a general or limited examination of his adversary. *Herbage* v. *City of Utica*, 109 N. Y. 81, 16 N. E. Rep. 62. The right, however, is subject to the discretion of the court, and,

in order that it may be properly exercised, it is essential that the facts appear, to the end that the court may allow the largest latitude in examination, or restrict it within proper limits, according to the facts of the existing case. *Jenkins* v. *Putnam,* 106 N. Y. 272, 12 N. E. Rep. 613.   That portion of section 872 which is material to the present controversy is found in subdivision 2, and requires that the moving affidavit shall contain, "if an action is pending, the nature of the action, and the substance of the judgment demanded, and, if the application is made by the defendant before answer, * * * the nature of the defense."   Numerous cases have arisen under this section, and I am unable to find any where it is not made a primary requisite that the defense sought to be interposed, in its general nature, must be set out in the moving affidavit.   Such is the language of the section, and the voice of authority but reiterates it.   In *Muller* v. *Levy,* 5 N. Y. Supp. 118, it is said: "When a plaintiff, for the purpose of framing his complaint, obtains an order for the examination of a defendant before trial, he must establish by affidavit the existence of a cause of action in his behalf."   The facts and circumstances sought to be obtained from an adversary must relate "and be essential to the maintenance of the action existing as alleged.   * * *   The necessity which is the foundation of an application like this must be substantial, and must rest upon a well-defined and *prima facie* cause of action; not a mere speculation, but an actual existing cause of action, sufficiently presented, at least, as to warrant the presumption of its reality."   *Manufacturing Co.* v. *Sutro,* 6 N. Y. Supp. 384.   If the moving party cannot state that he has a cause of action or a defense, as the case may be, and its nature, an examination may not be had to see if possibly he may not develop one.   The presumption which arises, under such circumstances, is that the person sought to be examined is not possessed of facts which would show the existence of a cause of action or defense.   An order authorizing an examination, upon such proof, would violate the terms of the statute.   The examination is to develop such facts, and such only, as will enable the pleader to properly frame the action or defense known to exist; which facts, not the cause of action or defense, are without the knowledge of the moving party, but rest within the possession of the person whose examination is sought.   *Roberts* v. *Publishing Co.,* 8 N. Y. Supp. 870; *Dalzell* v. *Watch-Case Co.,* 9 N. Y. Supp. 713.

The fact which the cases refer to, as resting peculiarly within the knowledge of the adversary, must be such fact as is material, and relates to the cause of action or defense alleged in the moving papers.   Of no other fact is the adversary presumed to have any knowledge.   On the contrary, the presumption is conclusive that he is possessed of no such facts, unless the affidavit disclose the existence of a cause of action or defense to which they relate.   In the light of these rules, the moving papers are to be examined. They consist of the amended complaint herein; an affidavit of one of the defendants; an affidavit of a clerk in the office of defendants' attorneys; and an affidavit of merits.   The complaint shows the action to be in ejectment, and alleges, upon information and belief, that, before the commencement of the action, he was possessed, as owner in fee-simple, of a certain piece or parcel of land situate in the city of Buffalo, and then proceeds to describe the same; that, being so possessed of said premises, the defendants, about October 1, 1889, wrongfully entered into said premises, and now wrongfully and unlawfully withholds possession thereof.   The affidavit of the defendant is made upon information and belief.   In its formal requisites it is in technical compliance with the requirements of section 872.   The material allegations, upon which the right is claimed to support the order, are as follows: "That the nature of defendants' defense herein is, as deponent is informed and believes, that the plaintiff has no right, title, or interest in or to said premises, and has no present right to the possession thereof, as against the defendants; that the examination of the said plaintiff * * * is desired by

the defendants before trial, and that the testimony of said plaintiff is material to enable them to frame an answer herein, and that without the same the defendants are not and will not be able to frame their answer; that the facts which render such testimony material and necessary are, among others, as follows: (1) That the plaintiff does not state in his said amended complaint any facts which show how, or in what manner, or when the plaintiff became the owner of said premises, or whether by deed or devise or otherwise, or that the plaintiff is entitled to the present possession of said premises, as against these defendants, or either of them, or how or in what manner the defendants, or either of them, wrongfully entered into said premises, or how or in what manner the defendants, or either of them, wrongfully or unlawfully, or otherwise, withhold the possession of said premises from the plaintiff. (2) That the defendants are * * * ignorant of and have no knowledge as to the above facts, or either of them; that said facts, and each of them, are peculiarly and particularly within the knowledge of the plaintiff." The affidavit then states that one of the plaintiff's attorneys threatened to enter upon said premises, break down the fence, and take possession, and that defendants were unable to obtain from him any information as to plaintiff's claim; that they are informed by their attorneys that a search of the records fails to show plaintiff's interest in the premises; and further, "that deponent believes that an examination of the plaintiff will disclose facts material and necessary to enable the defendants to prepare their answer herein." The affidavit of the clerk adds no strength to defendant's statement. The allegation of the complaint is to the effect that while plaintiff was in possession, giving the date, defendants wrongfully and unlawfully dispossessed him of said premises. So far, therefore, as that allegation is material to the cause of action or defense, it is quite apparent that defendants must be possessed of as much information as the plaintiff; for it must be known to them whether or not they then took possession of this land, and what acts they did in connection therewith, and to that extent no examination is necessary to add to their information. The first paragraph of the affidavit quoted shows the extent of the knowledge of defendants with respect to their defense. By that statement they say, in effect, that they know of no right, either of possession or title, resting in the plaintiff to said premises, but, on the contrary, that they are entitled to the possession thereof as against the plaintiff. If we stop here, it is quite clear that a denial, upon information and belief, would be all the answer necessary to raise that issue, and all the answer, in their present state of knowledge, which they could make, for the reason that it is all the defense which they have knowledge of existing to plaintiff's alleged cause of action. To properly frame that answer, no examination is requisite. The statements which follow, prior to particular specifications, contain no statements of fact. They are general allegations that the testimony is material, without showing wherein or how, and simply lead up to the particular statements. When these are reached, we find it first stated that the plaintiff fails to state in his complaint facts to show when or how he became owner, by what right he is entitled to possession, or how the defendants wrongfully entered into possession or wrongfully withholds the same. Plaintiff was not bound so to state. His complaint is perfectly good, and states a cause of action. The next paragraph is that, as to those matters which plaintiff fails to state, the defendants are, and each of them is, ignorant of, and have no knowledge as to any of said facts. If this be true, how can it be said that, if the facts appeared in connection therewith, it would constitute a defense to the action? If it showed that plaintiff had no title or interest, and was not entitled to the possession, it would be beneficial to the defendants, for they could then deny, and defeat the plaintiff with his own testimony; but, if he should show perfect right and title, how would it aid defendants to plead a defense? The

primary difficulty is that the defendants are ignorant of whether or not such examination would develop a defense or a cause of action. Such condition fails to show *prima facie* a defense, as required by the authorities. On the contrary, it shows an attempt to find out whether, from the facts, there exist a defense or not. *Muller* v. *Levy*, 5 N. Y. Supp. 118.

It is true that the affidavit further states that the plaintiff is possessed of all this information. Suppose he is; that does not alone give the right to a discovery. The essential fact is lacking, *i. e.*, that there is a weakness in some one of the respects particularized of which defendants know, but of which they have not sufficient information to properly allege the facts in connection therewith. This affidavit is barren of any such statement. After setting up this lack of knowledge of a defense, the affidavit closes with the expression of a belief that an examination will disclose facts material and necessary to enable defendants to prepare their answer herein. It could have been said from the allegations, with equal propriety and truthfulness, that such examination would disclose right in the plaintiff to maintain the action. Belief is not of the slightest importance, unless founded upon statements of fact, which the court can see are substantial, and which tend in reality to support the claim upon which the belief is founded. A careful analysis of the affidavit seems to show that the only defense known to defendants is based upon her assertion of right to possession, and this would be protected by a denial. To interpose this, no discovery is necessary, and when not necessary it will not be ordered. *Martin* v. *Clews*, 55 N. Y. Super. Ct. 552; *Crooke* v. *Corbin*, 23 Hun, 176.

It has been said that the court granting the order took notice of precise facts, and exercised his discretion thereon; that, therefore, it was properly exercised, in the sense that it could not be said that it had been abused. My first impression favored this view, and some examination tended to confirm it; but the same process of reasoning would have sustained nearly all the numerous orders that have been reversed, and a more thorough examination and study of the affidavit leads my mind to the conviction that there was no fact stated in the moving papers, within the rules of law applicable, upon which the court could exercise any power, discretionary or otherwise; for, when the whole claim is stated, it is found to rest upon the basis that, the plaintiff having brought his action, he must know the facts upon which he bases his claim; and, as the defendants do not, he should be required to disclose them in order that they may see, not that they have a defense, but that possibly one may be discovered. No case that I am able to find has authorized an order upon such facts, while many have condemned it. The same suggestions answer the claim that, if there be an equitable defense, it must be pleaded in order to be available. This is quite true, but the Code does not authorize a discovery to determine whether such equitable defense exist or not. It requires that it be known that such defense exists. Where this is stated, it withholds no aid in developing the facts essential to its proper presentation. For the foregoing reasons a reargument should be ordered.