JANETT B. HERBAGE, Respondent, *v.* THE CITY OF UTICA, Appellant.

A party litigant may, in the discretion of the judge to whom an application has been made under the provisions of the Code of Civil Procedure (§§ 870, 872, 873), providing for taking the deposition of a party to an action before trial, have a general examination before trial of his adversary as a witness in the cause, and such examination is not, as of course, to be limited to an affirmative cause of action, or the affirmative defense set up in favor of the party desiring the examination

Where an order was so limited, not as matter of discretion, but because, as it appeared by the order, the court was of opinion it had no power to order otherwise. *Held,* that the order was reviewable here.

(Argued February 28, 1888; decided April 10, 1888.)

APPEAL from an order of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made October 5, 1887, which affirmed an order of the Special Term modifying and limiting an order made for the examination of the plaintiff before trial under sections 870, 872, 873 of the Code of Civil Procedure, by W. T. DUNMORE, special county judge of Oneida county.

*Myron W. Van Auken* for appellant. The Code gives defendant the absolute right to examine the plaintiff upon all the matters and things set forth in the affidavit upon which the original order to examine her was granted, subject only to the limitation that " the order may, in the discretion of the judge, designate and limit the particular matters as to which the party shall be examined." (Code of Civ. Pro., § 870 ; *Glenny* v. *Studwell,* 64 N. Y. 120 ; *Cook* v. *Bidwell,* 29 How. 483 ; 17 Abb. Pr. 300 ; *Green* v. *Wood,* 6 id. 277 ; *Brisbane* v. *Brisbane,* 20 Hun, 48 ; *Hynes* v. *McDermott,* 55 How. 259 ;

*Ludewig* v. *Pariser*, 4 Abb. N. C. 246; *McGaffin* v. *Dinsmore*, 4 id. 241; *Webster* v. *Stockwell*, 3 id. 115; *Harrold* v. *N. Y. C., etc., R. R. Co.*, 21 Hun, 271; *Tebo* v. *Baker*, 77 N. Y. 34; *Richards* v. *Judd*, 15 Abb. Pr. 184; *Berdell* v. *Berdell*, 86 N. Y. 521.)

*S. J. Barrows* for respondent. The only purpose for which an examination of an adverse person before trial can legally be had, is to enable a party to ascertain facts tending to support or establish an affirmative cause of action or defense in favor of the party seeking the examination. The statute gives a party no right to examine a party as to his cause of action or defense. (*Adams* v. *Cavanaugh*, 37 Hun, 232; *Stitcher* v. *Tillinghast*, 43 id. 95.) The order of the Special Term and that of the General Term appealed from, was discretionary, and no appeal can be taken therefrom to this court. (Code of Civ. Pro., § 873; *Bank* v. *Sheehan*, 101 N. Y. 176; *Jenkins* v. *Putnam*, 106 id. 272.)

DANFORTH, J. The cases cited by the respective counsel show that the practice in relation to the subject is not uniform throughout the various departments of the Supreme Court, but we are of opinion that a party litigant may, in the discretion of the judge to whom application is made under the provisions of sections 870, 872, 873 of the Code of Civil Procedure, have a general examination of his adversary as a witness in the cause, as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense set forth in favor of the party desiring that examination. The order appealed from was so limited, not according to the discretion of the court, by which it might have been restrained, but because, as appears by the order, the court was of opinion that it had no power to order otherwise.

The order appealed from should, therefore, be reversed, and the case remitted to the Supreme Court for further consideration, without costs in this court to either party.

All concur.

Ordered accordingly.