### WATERS *v.* SHAYNE.

*(Supreme Court, General Term, First Department.    June 6, 1890.)*

DISCOVERY—EXAMINATION OF DEFENDANT BEFORE TRIAL.

In an action wherein it was sought to impeach defendant's discharge in bankruptcy for fraud in the conveyance of land, an order for defendant's examination before trial was obtained on an affidavit stating it to be material and necessary for plaintiff to ascertain whether defendant retained any interest in the property conveyed, or whether the conveyances were not made to protect the property as against creditors or the claim sued on. *Held,* that the order was properly vacated, the conveyances being matters of record, and no reason appearing for directing the examination before, rather than at, the trial.

Appeal from special term, New York county.

Action by Winfield Waters against Christopher C. Shayne.    Plaintiff appeals from an order vacating an order for the examination of defendant as a witness before trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*W. J. Oppenheim,* (*Theodore B. Gates,* of counsel,) for appellant.    *Blumenstiel & Hirsch,* for respondent.

DANIELS, J.    This action is upon a bond executed by the defendant in June, 1875, for the payment of the sum of $900.    A discharge in bankruptcy issued in 1881 has been presented by the answer as a defense.    The plaintiff proposes to impeach this discharge for fraud in the conveyance of land in the state of New Jersey by the defendant to a grantee, who immediately thereafter conveyed the same premises to the wife of the defendant.    These conveyances preceded the filing of the petition in bankruptcy, and the consideration mentioned in each deed is the sum of one dollar.    All these facts are matters of record, and no necessity exists for examining the defendant as a witness to prove them.    But the affidavit of the counsel for the plaintiff, on which the order was made for the examination, states it to be material and necessary for the plaintiff to ascertain whether the defendant retained any interest or equity in the premises, or whether the conveyances were not made to cover or protect the property conveyed against the claims of creditors, or the claim on which this action has been brought.    But why that may not be as well ascertained by the examination of the defendant on the trial has not been stated.    The inference warranted by the facts is that the defendant's ev-

idence can be secured by obtaining his attendance as a witness at the trial, and that it is not necessary for the plaintiff to obtain it before that time. And where the facts are of that 'description it is not the practice of the courts to direct the party to submit to an examination as a witness, at the instance of his adversary, before trial.    *Williams* v. *Folsom,* 5 N. Y. Supp. 211. This defect in the plaintiff's case, without considering the other objections urged against the appeal, requires that the order should be affirmed, with $10 costs and the disbursements.    All concur.