ROOME *et·al. v.* JENNINGS *et al.*

*(City Court of New York, General Term.* October 24, 1892.)

PLEADING—SUFFICIENCY OF COMPLAINT—WAIVER OF DEFECTS.

Where the objection that a complaint does not state facts sufficient to constitute a cause of action is not taken until after trial, it is sufficient if the complaint in some form contain the elements essential to a cause of action.

Appeal from trial term.

Action by William P. Roome and others against Frederick C. Jennings and William Butterfield. From a judgment entered on a verdict for plaintiffs, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

*Putney & Bishop,* for appellants. *F. A. Thompson,* for respondents.

EHRLICH, C. J. Where the objection that a complaint does not state facts sufficient to constitute a cause of action is not taken until after the trial, the allegations are not subject to as close a criticism as upon demurrer. It is sufficient if the complaint in some form contains the elements essential to a cause of action. *Disbrow v. Harris,* 122 N. Y. 362, 25 N. E. Rep. 356; *Zabriskie v. Smith,* 13 N. Y. 332; *Sanders v. Soutter,* 126 N. Y. 193, 27 N. E. Rep. 263; *Clark v. Crego,* 51 N. Y. 646. The complaint, liberally construed, makes out a complete cause of action, and the case was properly sent to the jury on the evidence. It was intelligently submitted, and the proofs sufficiently warrant the result arrived at. There is no merit in the exceptions.

It follows that the judgment appealed from must be affirmed, with costs.

---

RUDERT *v.* BLUMENKROHN *et al.*

*(City Court of New York, General Term.* October 24, 1892.)

DISCOVERY—EXAMINATION OF DEFENDANT BEFORE TRIAL—AFFIDAVIT.

Where the affidavit on motion for an order for the examination of defendant as witness before trial complies with the former requirements of the statute, (Code Civil Proc. § 872,) and shows the materiality of the evidence and the necessity of the examination before trial, an omission to state definitely that plaintiff intends to use the deposition at the trial is supplied by necessary intendment.

Appeal from special term.

Action by Richard Rudert against Adolph Blumenkrohn and others. From an order denying a motion to set aside an order for the examination of defendants as witnesses before trial, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*Simpson & Wolf,* for appellants. *Blumenstiel & Horsch,* for respondent.

EHRLICH, C. J. The plaintiff resides in Saxony, and the defendants reside and do business in New York. The order requires the defendants to appear and submit to an examination as witnesses in behalf of the plaintiff in respect to the issues raised by the pleadings. The affidavit upon which the order was granted complies with the formal requirements of the Code.[1] It shows the materiality of the evidence and the necessity of the examination in advance of the trial. Considering the fact that plaintiff resides in a foreign land, that he could not with any certainty anticipate what the defendants would testify to at the trial, their examination was both prudential and necessary to meet the exigencies of the trial. The fact that the plaintiff intended to use the deposition at the trial is not expressed in so many words, yet the purpose to use the same thereat so clearly appears that the omission is supplied by necessary

---

[1] Code Civil Proc. § 872.

intendment, and, so long as the fact appears, the rule is satisfied. The rule in regard to these examinations has been liberally extended by the courts, (*Herbage* v. *City of Utica*, 109 N. Y. 81, 16 N. E. Rep. 62; *Goldberg* v. *Roberts*, 5 Civil Proc. R. 96;) and it can, in furtherance of justice, be applied to this case. We find no error, and the order appealed from must be affirmed, with costs.

---

## BRUMFIELD v. POTTIER & STYMUS MANUF'G CO.

*(City Court of New York, General Term. October 24, 1892.)*

1. FACTORS AND BROKERS—ACTION FOR COMMISSIONS.
   In an action for brokerage for effecting a lease, a finding for plaintiff on the question whether he was the procuring cause excludes the idea that any other agency co-operated to bring about that result.

2. SAME—EVIDENCE.
   In such an action, evidence as to mere conversations, in the absence of plaintiff, between defendant's officers and other parties in regard to the letting, no action having been taken thereon, is immaterial and inadmissible.

Appeal from trial term.

Action by Eva Brumfield against the Pottier & Stymus Manufacturing Company. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McCARTHY, J.

*Brewster Kissam*, for appellant. *Dennison & Hall*, for respondent.

EHRLICH, C. J. The employment of a broker does not preclude the owner from making other efforts to sell or rent, and if, without the broker, a sale or renting is effected, the broker, as matter of course, gets nothing. The question at issue here was whether the plaintiff was the procuring cause of the letting, and the jury, on the evidence, found that she was,—a finding which negatives the idea that any other agency co-operated to bring about the result. The evidence was sufficiently strong to warrant the finding made by the jury, and their verdict should stand, unless error was committed in excluding testimony tending to prove that other agencies brought about the result finally reached. The trial judge did not exclude evidence of any fact tending to show what other brokers or persons did in the premises, or what they accomplished with reference to the letting for which brokerage was claimed. The evidence excluded was as to the conversations with other persons in the absence of the plaintiff. What was said to them by the defendant's officers was immaterial; while what such other persons did (whether employed or not) in the way of bringing about the letting for which the plaintiff claims compensation was relevant,—indeed, might be controlling. The evidence excluded was not of this material character, and its exclusion was not error requiring correction or a new trial. It follows that the judgment and order appealed from must be affirmed, with costs.

---

## FLEIG v. GORMAN, Sheriff.

*(City Court of New York, General Term. October 24, 1892.)*

SHERIFFS—SUBSTITUTION OF INDEMNITORS.
   Code Civil Proc. § 1421, authorizing the substitution of indemnitors in place of the sheriff, was intended for his protection, and an application therefor by him may be granted without requiring him to furnish additional security to answer the final result of the litigation, though such security might have been required of the indemnitors if they had made the application.

Appeal from special term.

Action by Reuben Fleig against John J. Gorman, sheriff. From an order substituting indemnitors in place of the sheriff, plaintiff appeals. Affirmed.