## WAHLE *v.* McMILLEN.

*(City Court of New York, General Term.    October 24, 1892.)*

DISCOVERY—EXAMINATION OF ADVERSE PARTY BEFORE TRIAL.

In an action by an executor, after service of summons, in support of a motion for an order directing the examination of defendant to enable plaintiff to frame his complaint, plaintiff made affidavit that he had discovered in testator's books of accounts a running account with defendant, showing items of charges and credits, in which was a balance due testator; that he had been unable to discover any explanatory entries in the books as to the account, but was informed that there was an agreement between testator and defendant in relation to the rental of certain premises; and that he believed the rental of said premises was embraced in said accounts. *Held*, that the plaintiff was entitled to an examination of defendant.

Appeal from special term.

Action by Charles G. F. Wahle, executor, against Samuel McMillen. From an order refusing to vacate an order directing his examination before trial, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

*John C. Shaw*, for appellant.    *Edward C. Stone*, for respondent.

VAN WYCK, J.    The plaintiff, suing as an executor, seeks, after service of summons and before trial, an examination of the defendant in order to enable him to frame his complaint, and his affidavit upon which such examination was ordered sets forth that he has discovered, in the books of account kept, owned, and left by his testator, a running account with defendant, which shows items of charges against and credits to defendant, and that the same shows a balance of $283.42 as due the testator from defendant; but that he has been unable to discover any explanatory entries in the books as to these charges and credits, although he has been informed· by some of his (testator's) relations that there was some agreement by his testator and defendant as to the rental of certain named premises, and that he believes that the rental of said premises is embodied in said account, and that he has fully and fairly stated the case to his counsel; that he has a good and substantial cause of action on the merits, as he is advised by such counsel, which he verily believes, and that he is unable to properly frame his complaint, and therefore seeks to examine defendant in order to do so.    The defendant did not interpose any opposing affidavits, but merely moved to vacate the order on the papers upon which it was granted, and this appeal is from the order refusing to vacate.    The rule with regard to the examination of a party before trial is one of discretion.    *Herbage* v. *City of Utica*, 109 N. Y. 81, 16 N. E. Rep. 62.    It is therefore flexible, and must be adapted to and controlled by the facts and circumstances of each case, considered with reference to the relations existing between the parties.    *Carter* v. *Good*, (Sup.) 10 N. Y. Supp. 647.·   If the information sought is necessarily wholly within or more within the knowledge of one party than the other, an order for the examination of such other should be granted, and especially so when the party seeking the examination of his adversary is suing, as this plaintiff, in a representative capacity.    In the case of *Raymond* v. *Brooks*, 59 How. Pr. 383, where the plaintiff was suing as an administrator, the court said, in sustaining an order for examination of the defendant: "The plaintiff suing in a representative capacity, and not having personally participated in the matters concerning. which inquiry is sought, properly enough asks that he may be allowed to examine one of the defendants, who is reasonably supposed to have the knowledge to ascertain the facts."    The plaintiff's affidavit is sufficient to sustain the order, and the same is affirmed, with $10 costs.