### KELLY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, General Term, Third Department. December 8, 1892.)

DISCOVERY—EXAMINATION BEFORE TRIAL—DISCRETION OF JUDGE.

> Code Civil Proc. § 873, provides, with respect to the examination of parties before trial, that "the judge to whom such an affidavit is presented must grant an order for the examination, if an action is pending." *Held* that, where the evidence sought by such examination is material and necessary, the party applying is entitled to the same as of right; but the exercise of discretion in determining whether the evidence is material and necessary will not be disturbed on appeal, in the absence of a clear abuse thereof.

Appeal from special term, St. Lawrence county.

Action for personal injuries by Emma Kelly against the New York Central & Hudson River Railroad Company. After answer an order was made granting defendant's motion for an examination of plaintiff as a witness before trial, and from an order denying her motion to vacate said order plaintiff appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

C. A. Kellogg, for appellant.

Thomas Spratt, for respondent.

HERRICK, J. It seems to me that the affidavits upon which the order for an examination was granted embody all the requirements of sections 872 and 873 of the Code of Civil Procedure, and unless, in the exercise of his discretion, the justice to whom the affidavits were presented determined that the evidence sought was immaterial or unnecessary, or that the examination sought was merely for the purpose of annoyance or delay, the defendant was entitled to the order as a matter of right. Watts v. Wilcox, (Sup.) 17 N. Y. Supp. 647; affirmed in 133 N. Y. 672, 31 N. E. Rep. 626. A party litigant may, in the discretion of the judge or justice to whom application is made, upon complying with the provision of sections 870, 872, and 873[1] of the Code of Civil Procedure, have a general examination of his adversary as a witness in the case, as well before as at the trial; and such examination is not limited to an affirmative cause of action or an affirmative defense. Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. Rep. 62. This case somewhat modifies the law as held in some former cases, and is understood by

---

[1] Section 870 provides that "the deposition of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such court, * * * may be taken at his own instance or at the instance of an adverse party, or of a coplaintiff or codefendant, at any time before trial, as prescribed in this article." Section 872 provides that "the person desiring to take a deposition, as prescribed in this article, may present to a judge of the court in which the action is pending * * * an affidavit," etc. Section 873 provides that "the judge to whom such an affidavit is presented must grant an order for the examination, if an action is pending," etc.

many of the profession. That discretion is to be exercised on the line indicated in Watts v. Wilcox, *supra;* and while this court has a right to review such exercise of discretion by the justice, it will not reverse his decision unless it appears very clearly to the court that error has been committed. In this case I cannot see that any such error has been committed. The order should be affirmed, with $10 costs, and printing and other disbursements. All concur.