Thomas Farmer, Appellant, v. National Life Association (of Hartford, Connecticut), Respondent.

*Life insurance policy — examination of the plaintiff before answer — objection that the examination may criminate the plaintiff.*

In an action brought against a life insurance company to recover the amount payable under an insurance policy, upon the life of a third party, alleged to have been assigned to the plaintiff, where the defense is that at the time of the issuing of the policy the insured and the plaintiff intended that the insurance should be taken out for the benefit of the latter only, that the plaintiff paid the premium and that the policy was obtained by false representations and fraud, an order for the examination of the plaintiff before trial to enable the defendant to ascertain the insurable interest of the plaintiff in the life of the insured, and whether it was the intention of the plaintiff that the policy should be issued to the insured and assigned to him, is proper to enable the defendant to frame its answer.

When it is not apparent that the matters upon which it is sought to examine the plaintiff involve any criminality on his part, the objection to such an order for examination, that under it the plaintiff may be required to give answers which would subject him to a criminal prosecution, is premature, until the plaintiff has submitted to the examination, and it appears that his answers to questions asked may criminate him.

Appeal by the plaintiff, Thomas Farmer, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Kings county on the 29th day of May, 1893, denying

the plaintiff's motion to vacate an order theretofore made by a justice of the Supreme Court for the examination of the plaintiff before trial to enable the defendant to prepare its answer.

*James P. Judge*, for the appellant.

*Roger Foster*, for the respondent.

DYKMAN, J. :

This is an appeal from an order denying a motion made by the plaintiff to vacate an order for his examination before trial to enable the defendant to frame its answer. The affidavit upon which the order for the examination was obtained states, among other things, that the action is upon a policy of life insurance, for the recovery of $3,000, made by the defendant to one Thomas J. Brady upon his life, which, it is alleged, was assigned by Brady to the plaintiff in this action. The defense to the action is, that at the time of the issuance of the policy it was the intention of the assured and of the plaintiff also that such insurance should be taken out for the benefit of the latter only; that the plaintiff was the person who paid the premium upon the policy of insurance, and that he had then and had thereafter no insurable interest in the life of Brady; that Brady never applied for a policy, and that it was obtained by fraud; that another man who falsely represented Brady was examined by the defendant's medical examiner before the policy was issued, and that it was so issued upon an application therein referred to which contained warranties and representations respecting the health and occupation of Brady, which warranties and representations were intentionally false, and that the policy never had a lawful inception, and was null and void.

It is further alleged that the examination of the plaintiff is material and necessary for the defendant to enable it to draw an answer and make its defense to the action. The affidavit is sufficient to justify the issuance of the order for the examination of plaintiff. The information essential to enable the defendant to draw an answer which can be intelligently and honestly verified is in the possession of the plaintiff, and the defendant has no means for the acquisition of such knowledge except by an examination of the plaintiff. The vacation of the order was sought principally upon the ground that

upon the examination of the plaintiff he might be required to give answers which would subject him to a criminal prosecution, but that objection is premature. The plaintiff must submit to the examination, and if it appears then that answers to questions propounded to him may criminate him, that will be the time to raise the objection and have the point determined; but it is not apparent that the matters upon which it is sought to examine the plaintiff involve any criminality; it is merely sought to ascertain the insurable interest of the plaintiff in the life of Brady and whether it was the intention of the plaintiff that the policy should be issued to Brady and assigned to him.

Our conclusion, therefore, is that the refusal to vacate the order for the examination of the plaintiff was justifiable and should be affirmed, with ten dollars costs and disbursements.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.