NANCY M. SKINNER, Respondent, *v.* JAMES STEELE, Appellant.

*Examination of a party before trial — laches in making the application — sufficiency of the motion papers — when an order for examination will not be granted where the examination will only criminate the witness — second application — rule 25 of the General Rules of Practice.*

<table>
<tr><td>88 307<br>38ap139</td></tr>
<tr><td>88h 307<br>f 55ad256<br>f 55ad258</td></tr>
<tr><td>88h 307<br>75 AD³618</td></tr>
<tr><td>88h 307<br>80 AD'166<br>82 AD 595</td></tr>
</table>

If the necessity therefor exists, when an application is made to examine a party to an action before trial, the fact that the application for the order is not made as soon as possible is no reason why it should not be granted.

If it plainly appears from the papers upon which an order for the examination of a party before trial was based that the facts sought to be proved on the examination before trial were to be used on the trial, and could be proved only through the party examined, and that a relation of trust and confidence existed between the parties to the action, and that the facts sought to be proved were principally, if not wholly, within the knowledge of the party sought to be examined, an order for examination will not be reversed on appeal.

If it appears that the only material evidence that can be given by a party to an action sought to be examined before the trial thereof will tend to show that he is guilty of a crime or subject him to a penalty or forfeiture, the order should not be granted, but if it appears that any testimony material to the action may be given not having necessarily that tendency, an examination may be had and the party left to assert his privilege upon the examination.

There is no statute law or rule of practice which requires a plaintiff to obtain the leave of the court before applying for a second order for the examination of the defendant before the trial of the action, where the previous order for such examination was vacated by reason of the insufficiency of the papers upon which the application was made.

Where an order directing the examination of the defendant before trial has been vacated by reason of the insufficiency of the papers upon which the application was made, the failure of the plaintiff, upon his second application for an order directing such examination, to comply fully with the provisions of rule 25 of the General Rules of Practice, by showing what new facts are claimed to be shown on the second application, or whether or not there are any new facts, is at most an irregularity and does not compel the court to refuse the order or to vacate it after it is granted.

APPEAL by the defendant, James Steele, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Herkimer on the 4th day of April, 1895, denying the defendant's motion to vacate and set aside an order for the examination of the defendant before the trial, made on the 7th day of March, 1895, and entered in said clerk's office.

*Steele & Prescott,* for the appellant.

*Reed & Thomas,* for the respondent.

MARTIN, J.:

The appellant moved to vacate the order for his examination before trial upon the grounds: 1. That the plaintiff was guilty of *laches* in obtaining the order. 2. That the papers upon which it was granted were insufficient, in that no necessity for the examination of the defendant before trial was shown, as no reason was given why the defendant could not be examined as a witness on the trial. 3. That the matters in reference to which the plaintiff proposed to examine the defendant were privileged. 4. That a previous order granted had been set aside, and the order setting it aside did not give leave to the plaintiff to apply for another order; and 5. That the affidavits did not show what new facts are claimed to be shown on the application for the second order, or whether or not there were any new facts to be shown as required by General Court rule 25.

The appellant's claim, that the order for the examination of the defendant should have been set aside because the plaintiff did not

make her application for such an order earlier, cannot, we think, be sustained. The right of examination or discovery is given by the Code, and the fact that a party does not apply for the order as soon as possible is no reason why it should not be granted if the necessity for it exists when the application is made.

Nor do we think the court erred in refusing to vacate the order on the ground that the papers upon which it was granted were insufficient. The affidavits and papers which were the basis of the order were full, and stated the matters required by the statute. They clearly disclosed the necessity for the examination of the defendant, that the plaintiff would be unable to prove the existing facts upon which her action was founded otherwise than by his evidence, and that the plaintiff had no personal knowledge of the facts upon which her action was based. The appellant, however, contends that as no reason was stated in the affidavits why he might not be called and examined as a witness on the trial, no necessity for his examination before trial is shown. It has been said in some of the cases cited by the appellant that where it is shown that the evidence of the party can be secured on the trial, it is not the practice of the courts to direct the party to submit to an examination at the instance of his adversary before trial. (*Williams* v. *Folsom*, 54 Hun, 308; *Waters* v. *Shayne*, 32 N. Y. St. Repr. 435.) But an examination of the *Williams* case discloses that the decision in that case was based upon the case of *Jenkins* v. *Putnam* (106 N. Y. 272), and that the decision in the *Waters* case was based upon the decision in the *Williams* case. When we examine the case of *Jenkins* v. *Putnam*, upon which the decision in those cases seems to have been based, we find that the only question involved in that case was, whether the statute was mandatory and absolutely required a judge to grant an order for the examination of a party, or whether it was so far discretionary as to permit a judge to whom such an application was made, in his discretion to deny it, where he could see that the examination was unnecessary. In discussing the question in that case EARL, J., said: "The nature of the controversy shows that the facts of the case were probably within the knowledge of the defendant, as the contract is alleged to have been made with him, and the services were claimed to have been rendered in the sale of his property. It is scarcely possible that the facts were not all

as well known to the defendant as to the plaintiff, and as the defendant could examine the plaintiff at the trial, it does not appear that it was essential that he should have his examination before trial. * * * While the whole examination is placed within the absolute control of the judge by the power given him to place limits upon it, it cannot be supposed that it was intended to absolutely bind him to grant it, whatever might be his judgment as to its propriety or necessity. Where the judge can see that the examination is sought merely for annoyance or for delay, and that it is not in fact necessary and material, he ought not to be required, and cannot absolutely be required, to make the order." We find nothing in this case which justifies the contention of the appellant.

In *Herbage* v. *City of Utica* (109 N. Y. 81, 82) DANFORTH, J., said: "The cases cited by the respective counsel show that the practice in relation to the subject is not uniform throughout the various departments of the Supreme Court, but we are of opinion that a party litigant may, in the discretion of the judge to whom application is made, under the provisions of sections 870, 872, 873 of the Code of Civil Procedure, have a general examination of his adversary as a witness in the cause as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action or an affirmative defense set forth in favor of the party desiring that examination."

In *Grout* v. *Strong* (49 N. Y. St. Repr. 78) it was held that where the testimony sought is solely within the defendant's control and knowledge, and an examination of the defendant is necessary to enable the plaintiff to maintain his action on the trial, such an examination before trial may properly be ordered. The same doctrine was laid down in *Wahle* v. *McMillen* (1 Misc. Rep. 89.) The decision in *Carter* v. *Good* (57 Hun, 116) was to the effect that the strictness of the rule usually governing the granting of an order for the examination of a party before trial will be relaxed when a relation of trust and confidence has existed between the parties to the action; and that where the information desired seems to be important to the proper presentation of the cause of action alleged, and wholly within the knowledge of the defendant, or more within his knowledge than that of the plaintiff, an order for the examination of the defendant should be granted. In this case the *Williams*

case was referred to, and it was held that the rule stated in that case was not applicable to one like this. Without further examination of the authorities bearing upon this question, and without attempting to harmonize or further discuss them, we are of the opinion that the granting or refusal of this order was discretionary; that as it plainly appeared from the papers in the case that the facts sought to be proved by the defendant on his examination before trial were to be used on the trial and could be proved only by him; that a relation of trust and confidence existed between the parties to the action, and that the facts sought to be proved were wholly within the knowledge of the defendant, or at least more within his knowledge than that of the plaintiff, the affidavits and papers upon which the order was granted must be held as sufficient.

This brings us to the consideration of the question whether all the matters, as to which the plaintiff proposed to examine the defendant, were privileged upon the ground that any testimony that he might give upon such examination would tend to convict him of crime or form a link in the chain of testimony tending to convict him of crime or expose him to a penalty or forfeiture. It is admitted by the respondent that if the sole purpose of an examination under such an order is to prove the party guilty of a criminal offense, or to subject him to a penalty or forfeiture, it should not be granted, and if granted should be set aside. But he contends, and we think correctly, that that rule applies only where there are no matters respecting which the party may give material and competent evidence which is not privileged. The rule is that if it appears that the only material evidence that can be given by the party sought to be examined will tend to show that he is guilty of a crime or subject him to a penalty or forfeiture the order should not be granted; but if it appears that any testimony material to the case may be given, not necessarily having that tendency, the examination may be had and the party left to assert his privilege upon the examination. (*The Mechanical Orguinette Co.* v. *Haynes,* 19 Wkly. Dig. 535; *Corbett* v. *De Comeau,* 5 Abb. N. C. 169; *Ball* v. *Evening Post Pub. Co.,* 12 N. Y. Civ. Proc. Rep. 4; *Canada Shipping Co.* v. *Sinclair,* 49 N. Y. Super. Ct. 242; *Sprague* v. *Butterworth,* 22 Hun, 502; *Kinney* v. *Roberts & Co.,* 26 id. 166; *Yamato Trading Co.* v. *Brown,* 27 id. 248; *Fogg* v. *Fisk,* 30 id. 61;

*Andrews* v. *Prince*, 31 id. 233 ; *Davenport Glucose Manuf. Co.* v. *Taussig*, 33 id. 32 ; *Davies* v. *Fish*, 35 id. 430 ; *Farmer* v. *National L. Assn.*, 73 id. 522 ; *Judah* v. *Lane*, 12 N. Y. St. Repr. 130 ; *Franks* v. *Riemer*, 28 id. 156 ; *Haynes* v. *Hatch*, 39 id. 805.) Applying the rule stated to this case, it is quite obvious that the court committed no error in refusing to vacate the order upon the ground that any evidence which the defendant might be called upon to give upon such an examination was privileged, as manifestly there are facts material to the issues in this case, as to which the defendant may give evidence, which are not so privileged.

We are not aware of any statute law or rule of practice which requires a plaintiff to obtain leave of the court before applying for a second order for the examination of a defendant, where, as in this case, a previous order was vacated by reason of the insufficiency of the papers upon which the application was made.

The only remaining ground upon which the appellant contends that the order should have been set aside, is that the respondent did not fully comply with the provisions of rule 25 of the General Rules of Practice. This failure was, at most, an irregularity, and did not compel the court to refuse the order, or to vacate it after granted. (*Bean* v. *Tonnelle*, 24 Hun, 353.)

These considerations lead to the conclusion that the Special Term properly denied the defendant's motion, and that the order should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.