(17 Misc. Rep. 30)

KUGELMAN v. BARRY et al.

(Supreme Court, Special Term, Albany County. May, 1896.)

DISCOVERY—CRIMINATING TESTIMONY.

In an action to set aside a deed as in fraud of creditors, an order for the examination before trial of a party to the alleged fraudulent transaction, as to the consideration of the deed, will be denied, since a party to a deed executed with intent to defraud is, under Pen. Code, § 586, guilty of a misdemeanor.

Action by Isaac Kugelman against Agnes H. Barry and others to set aside certain conveyances of real estate made by defendant Thomas Barry to his wife, defendant Agnes H. Barry, and by defendant Agnes H. Barry to defendant David M. Alexander. Defendant Agnes H. Barry moves to vacate an order for her examination before trial. Granted.

Edward J. Meegan, for the motion.
Wensley & Gilroy and Isaac Kugelman, opposed.

CHESTER, J. The defendant Agnes H. Barry makes this motion to vacate an order heretofore granted to examine her as a party and witness before trial. The action is brought to set aside certain conveyances of real estate as fraudulent and void as against the plaintiff and the firm of which he is receiver, and as made with intent to hinder, delay, and defraud the creditors of the defendant Thomas Barry. One of the conveyances in question was made by the defendant Thomas Barry to his wife, the defendant Agnes H. Barry, and the other conveyance was made by the latter to the defendant David M. Alexander, the same premises being described in each deed. The affidavit made by the plaintiff, under which the order to examine was granted, shows that the only subject upon which the plaintiff desires to examine the defendant Agnes H. Barry is with reference to her deed to the defendant Alexander. The allegations in the affidavit are as follows:

"Said defendant resides in the city of Albany, and her testimony is material and necessary for me in the prosecution of this action, for the reason that one of the issues raised by the pleadings herein is as to the validity of the conveyance of the premises described in the complaint by her to the defendant David M. Alexander, and the facts relating to such conveyance are wholly within her knowledge, and not within my knowledge; and I expect to prove by the said Agnes H. Barry that the conveyance to said David M. Alexander was without consideration, and was not intended to be an absolute conveyance, which it purports on its face to be, and that the same is fraudulent and void as against the creditors of the defendant Thomas Barry. It is necessary that I should examine the defendant Agnes H. Barry before the trial of this action, for the reason that without such examination I cannot procure the other evidence to corroborate the testimony which I have reason to believe she will give upon such examination; and I intend to read the testimony of said defendant Agnes H. Barry upon the trial of this action."

If the deed in question was made by the defendant Agnes H. Barry with intent to defraud creditors or other persons, as alleged, she was guilty of a misdemeanor, under section 586 of the Penal Code; and she cannot be compelled to testify to facts proving or tending to prove that the deed was fraudulent, as claimed, as her testimony is privileged. It clearly appears by the clause from the affidavit above quoted that the only material evidence sought by the examination will tend to show that she is guilty of a misdemeanor, and for that reason the order to examine her should not stand. Skinner v. Steele, 88 Hun, 307, at page 311, 34 N. Y. Supp. 748, at page 750; Abbott-Downing Co. v. Faber, 87 Hun, 299, 34 N. Y. Supp. 433; Trading Co. v. Brown, 27 Hun, 248; Kinney v. Roberts, 26 Hun, 166. It is true that the affidavit above referred to contains a statement that the plaintiff expects to prove by the examination that the deed "was not intended to be an absolute conveyance, which it purports upon its face to be"; but that is not the issue presented by the pleadings to be tried. The issue is as to whether or not the deed is fraudulent and void as against creditors, and not whether it is a conditional conveyance.

The cases holding that an order to examine a party is proper although he may be privileged from testifying as to some, but not as to all, of the matters in relation to which the examination is

desired, manifestly can have no bearing in a case where it appears that the party is privileged from testifying as to all the material matters upon which the examination is sought.

Numerous other reasons are assigned why the order should be set aside, but it is not necessary to consider them. The motion to vacate the order must therefore be granted, with costs.

Motion granted, with costs.