SEWELL v. BUTLER.

(Supreme Court, Appellate Division, Second Department. April 20, 1897.)

Personal Injuries—Physical Examination of Plaintiff.

Defendant's right to a physical examination of plaintiff before trial cannot be defeated by a statement in plaintiff's affidavit that he believes that defendant's object was to annoy and harass him, but the want of good faith must appear from defendant's affidavit and the circumstances of the case.

Appeal from special term, Westchester county.

Action by Robert Sewell against James Butler (1) for personal injuries to plaintiff, (2) for damages to property, and (3) for the loss by plaintiff of his wife's services; all of which damages plaintiff claims to have sustained by reason of defendant's negligence. From an order vacating an order directing plaintiff to submit to an oral and physical examination, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edwin A. Jones, for appellant.

George C. Andrews, for respondent.

BRADLEY, J. The defendant, seeking to have an oral and phys- ical examination of the plaintiff, obtained an ex parte order to that effect appointing a referee and designating a physician to take and make such examination, pursuant to the provisions of the statute. Code Civ. Proc. §§ 870–873. The action then pending and at issue was commenced in August, 1896, for an alleged cause occurring in May, 1895, to the effect that a wagon drawn by a horse driven by the defendant's servant, by his negligence, came in collision with the plaintiff's carriage on West Main street, in the village of Tarry- town, upsetting it, throwing the plaintiff out, greatly injuring him; also injuring his carriage, and throwing out and injuring the plain- tiff's wife, and so injuring her that plaintiff was subjected to the loss of her services, and to large expense in providing care and treatment for her relief from the injuries so received by her. Such ex parte order was granted upon the affidavits of the defendant and his at- torney. The defendant, by his affidavit, after alleging the formal facts required by the statute before referred to, stated substantially that up to that time he had been unable to obtain any authentic positive information as to the time when the alleged accident did occur, or that it did in fact occur; that he had caused diligent search to be made, and had been unable to obtain any particulars of the accident, or to ascertain the names of any one who may have been an eyewitness of it, and that he is totally ignorant of the alleged in- juries to the plaintiff, to his carriage, or to his wife; that the de- fendant intends to use upon the trial the testimony of the plaintiff so taken, and perpetuate it, and that his testimony is material, and necessary to the defense of the action. By the affidavit of the de- fendant's attorney it appeared that prior to obtaining the order he had applied without success to the plaintiff and his attorney to per- mit a physical examination to be made of the plaintiff as to the al- leged personal injuries received by him. The motion to vacate the order was founded upon the affidavits of the plaintiff and his attorney with the other proceedings in the action, to which affidavits it is unnecessary to refer further than to say that the plaintiff, by his affidavit, states that he has fully recovered from the injuries received by him, and that a physical examination of him would reveal noth- ing relating thereto; that the defendant is only nominally interested in the result of the action, as he was at the time of the accident fully insured by the Fidelity & Casualty Insurance Company; and that

the agents, attorneys, and employês of the insurance company fre-
quently called upon the plaintiff, and in answer to inquiries were
fully informed by him regarding his injuries.   In reply, the defend-
ant's attorney, by his further affidavit, states upon information and
belief that representatives of the defendant who have called upon
the plaintiff for the purpose have been unable to obtain any informa-
tion as to the nature or extent of the injuries to him or his wife or
property, and that the servant of the defendant charged with the
negligence left his service since the accident, and that his where-
abouts are unknown.   The statute providing for such examinations
is intended to facilitate the promotion of justice, and is entitled to
a reasonably liberal application to accomplish, the purposes within
the contemplation of its provisions.   The cases in the courts have
not been entirely uniform on this subject.   But, on the whole, when
the application is brought within the provisions of the statute, a party
is deemed entitled to the order if he seeks it in good faith.   The
statute provides that "the judge to whom such an affidavit is pre-
sented must grant an order for the examination if an action is pend-
ing."   Code Civ. Proc. § 873.   The plaintiff, in his affidavit, asserts
his belief that the order was procured by the defendant to annoy and
harrass him, and for that purpose only, and such is the contention
of the plaintiff's counsel.   Such belief may be urged in every case
where such an order is obtained.   To determine the question whether
the application is made in good faith, or for purposes other than the
object to be attained by the proceeding under the statute, reference
must be had to the affidavit, and to the circumstances which go to
characterize the purpose in view of the party making it.   And, if
the affidavit comes up to the requirement of the statute in a case
to which it is applicable, it requires something quite substantial in
its nature, and satisfactory to overcome its effect, and to defeat its
efficiency for the purpose sought.   While the examination may fur-
nish some information to the party obtaining the order, it cannot be
supposed to prejudice any legal right of the party examined.   His
deposition is taken to be used on the trial.   None of his rights are
curtailed for the purposes of the trial.   The statute, by its terms, is
made peculiarly applicable to actions for the recovery of damages
arising from personal injuries of the nature and extent of which the
defendant is ignorant.   Section 872, subd. 4.   And by the recent
amendment of section 873 a physical examination is provided for in
such cases, which, until the year 1894, could not be had.   McQuigan
v. Railroad Co., 129 N. Y. 50, 29 N. E. 235.   The order in the
present case did not limit the oral examination of the plaintiff to
any particular matters within the issues, nor was there any occasion
for it.   The defendant, by his answer, puts in issue the allegations
of the complaint.   He alleges no affirmative matter as a defense, and
none was necessary to permit him to obtain the order for the exam-
ination of the plaintiff.   Herbage v. City of Utica, 109 N. Y. 81, 16
N. E. 62.   In the view taken of the case, no reason appears for de-
nial of the order sought for and obtained by the defendant.

The conclusion follows that the order appealed from should be
reversed, and the motion denied; that the plaintiff submit to an

oral examination as directed by the order heretofore made, and that he also submit to a physical examination as thereby directed, unless the plaintiff stipulates, for use upon the trial, that he has entirely recovered from the injuries referred to in the complaint as received by him, and from their effect. Thereupon such order may be so modified as to relieve him from a physical examination. All concur.