ROBERT SEWELL, Respondent, *v.* JAMES BUTLER, Appellant.

*Physical examination before trial of the plaintiff in an action to recover for personal injuries — order therefor, when granted.*

The sections (870-873) of the Code of Civil Procedure, providing for a physical examination of a party to an action brought to recover damages for personal injuries, being intended to facilitate justice, are entitled to a reasonably liberal construction; and when the application for such an examination is brought within the provisions of the statute, an order therefor will be granted if the application be made in good faith.

The question whether the application is made in good faith is to be determined by a reference to the affidavit and the circumstances which characterize the purposes of the applicant in making it; and if the affidavit meets the requirement of the statute, something quite substantial and satisfactory must be shown in order to defeat its efficiency for the purpose sought.

APPEAL by the defendant, James Butler, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 2d day of February, 1897, vacating an order made by a justice of the Supreme Court directing the plaintiff to submit to an oral and physical examination before the trial of the action.

*Edwin A. Jones* and *Herbert C. Smyth,* for the appellant.

*George C. Andrews,* for the respondent.

BRADLEY, J.:

The defendant, seeking to have an oral and physical examination of the plaintiff, obtained an *ex parte* order to that effect, appointing a referee and designating a physician to take and make such examination, pursuant to the provisions of the statute. (Code Civ. Proc. §§ 870-873.) The action then pending and at issue was commenced in August, 1896, for an alleged cause occurring in May, 1895, to the effect that a wagon drawn by a horse driven by the defendant's servant, and by his negligence, came in collision with the plaintiff's carriage on West Main street in the village of Tarrytown, upsetting it, throwing the plaintiff out, greatly injuring him, also injuring his carriage and throwing out and injuring the plaintiff's wife, and

so injuring her that plaintiff was subjected to the loss of her service and to large expense in providing care and treatment for her relief from the injuries so received by her. Such *ex parte* order was granted upon the affidavits of the defendant and his attorney. The defendant, by his affidavit, after alleging the formal facts required by the statute before referred to, stated substantially that up to that time he had been unable to obtain any authentic positive information as to the time when the alleged accident did occur, or that it did in fact occur; that he had caused diligent search to be made, and had been unable to obtain any particulars of the accident, or to ascertain the names of any one who may have been an eye-witness of it, and that he is totally ignorant of the alleged injuries to the plaintiff, to his carriage or to his wife; that the defendant intends to use upon the trial the testimony of the plaintiff so taken and perpetuate it, and that his testimony is material and necessary to the defense of the action. By the affidavit of the defendant's attorney, it appeared that, prior to obtaining the order, he had applied without success to the plaintiff and his attorney to permit a physical examination to be made of the plaintiff as to the alleged personal injuries received by him. The motion to vacate the order was founded upon the affidavits of the plaintiff and his attorney with the other proceedings in the action, to which affidavits it is unnecessary to refer further than to say that the plaintiff by his affidavit states that he has fully recovered from the injuries received by him, and that a physical examination of him would reveal nothing relating thereto; that the defendant is only nominally interested in the result of the action, as he was, at the time of the accident, fully insured by the Fidelity and Casualty Insurance Company, and that the agents, attorneys and employees of the insurance company frequently called upon the plaintiff and, in answer to inquiries, were fully informed by him regarding his injuries.

In reply, the defendant's attorney, by his further affidavit, states, upon information and belief, that representatives of the defendant, who have called upon the plaintiff for the purpose, have been unable to obtain any information as to the nature or extent of the injuries to him or his wife or property, and that the servant of the defendant, charged with the negligence, left his service since the accident and that his whereabouts are unknown.

The statute providing for such examinations is intended to facilitate the promotion of justice, and is entitled to a reasonably liberal application to accomplish the purposes within the contemplation of its provisions. The cases in the courts have not been entirely uniform on this subject. But, on the whole, when the application is brought within the provisions of the statute, a party is deemed entitled to the order, if he seeks it in good faith. The statute provides that: "The judge to whom such an affidavit is presented must grant an order for the examination, if an action is pending." (Code Civ. Proc. § 873.) The plaintiff, in his affidavit, asserts his belief that the order was procured by the defendant to annoy and harass him, and for that purpose only, and such is the contention of the plaintiff's counsel. Such belief may be urged in every case where such an order is obtained. To determine the question whether the application is made in good faith, or for purposes other than the object to be attained by the proceeding under the statute, reference must be had to the affidavit and to the circumstances which go to characterize the purpose in view of the party making it. And if the affidavit comes up to the requirement of the statute in a case to which it is applicable, it requires something quite substantial in its nature and satisfactory to overcome its effect and to defeat its efficiency for the purpose sought. While the examination may furnish some information to the party obtaining the order, it cannot be supposed to prejudice any legal right of the party examined. His deposition is taken to be used on the trial. None of his rights are curtailed for the purposes of the trial. The statute, by its terms, is made peculiarly applicable to actions for the recovery of damages arising from personal injuries of the nature and extent of which the defendant is ignorant. (§ 872, subd. 4.) And by the recent amendment of section 873, a physical examination is provided for in such cases, which until the year 1893 could not be had. (*McQuigan* v. *D., L. & W. R. R. Co.*, 129 N. Y. 50.) The order in the present case did not limit the oral examination of the plaintiff to any particular matters within the issues, nor was there any occasion for it.

The defendant, by his answer, puts in issue the allegations of the complaint. He alleges no affirmative matter as a defense, and none was necessary to permit him to obtain the order for the examination of the plaintiff. (*Herbage* v. *City of Utica*, 109 N. Y. 81.)

In the view taken of the case no reason appears for denial of the order sought for and obtained by the defendant.

The conclusion follows that the order appealed from should be reversed and the motion denied; that the plaintiff submit to an oral examination as directed by the order heretofore made, and that he also submit to a physical examination as thereby directed unless the plaintiff stipulates, for use upon the trial, that he has entirely recovered from the injuries referred to in the complaint as received by him and from their effect; thereupon such order be so modified as to relieve him from a physical examination.

All concurred.

The order appealed from reversed and motion denied, with ten dollars costs and disbursements, the plaintiff to submit to an oral examination, as directed by the order heretofore made; also submit to a physical examination, as thereby directed, unless the plaintiff stipulates, for use on the trial, that he has entirely recovered from the injuries referred to in the complaint as received by him and from their effect. In that event the order is so modified as to relieve him from physical examination. The defendant may apply to any justice of the Supreme Court for an order designating the time for such examination.