## TUTHILL v. SCHINASI.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. DISCOVERY (§ 40*)—EXAMINATION OF PARTY BEFORE TRIAL—AFFIRMATIVE DFENSE—GROUNDS—DISCRETION OF COURT.

The power of the court to permit an examination at plaintiff's instance of defendant before trial as to an affirmative defense should be exercised with discretion, and it must appear that the evidence is material and necessary to the moving party and that he intends to use it on the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

2. DISCOVERY (§ 40*)—EXAMINATION OF PARTY BEFORE TRIAL—AFFIRMATIVE DEFENSES.

Where the case of an architect suing for services would be made on proving the employment, the services rendered, and their value, he was not entitled to the examination of defendant before trial regarding the affirmative defenses of payment and accord and satisfaction; it being evident that he merely desired to know in advance how defendant intended to prove payment.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

Ingraham, P. J., and Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by William B. Tuthill against Morris Schinasi. From an order denying a motion to vacate the examination of defendant before trial, he appeals. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, MILLER, SCOTT, and DOWLING, JJ.

Horwitz & Wiener (Otto Horwitz, of counsel), for appellant.

Simons, Dowsey & Stoll (Frederick C. Simons, of counsel), for respondent.

CLARKE, J. The complaint is for work, labor, and services as an architect between the 1st day of March, 1908, and the 1st day of July, 1909, alleged to have been reasonably worth $5,655.65, of which no part has been paid.

The answer first denies each and every allegation of the second and third paragraphs of the complaint, and then for a first and separate defense alleges that prior to the 1st day of June, 1909, defendant employed plaintiff as an architect, and that in pursuance to such employment plaintiff rendered certain services, which included the services referred to in paragraph first of the complaint, and alleges payment in full therefor. The second and separate defense sets up an accord and satisfaction.

The moving affidavit alleges that:

"Your petitioner desires to examine the defendant herein before trial, and is advised by his counsel * * * that it is necessary that said defendant be examined in this case before trial, and your petitioner desires in good faith to use the testimony of the defendant so obtained upon the trial of this action, and expects to prove by said defendant that the services rendered and alleged in the complaint were not included as a part of the services admitted and alleged in the answer, that there were no payments whatsoever for the services alleged to have been rendered in the complaint, that there never has been any dispute as to the rendering of these services, nor as to the amount due on account of the services mentioned in paragraph first of the complaint, nor that there has ever been adjustment or compromise, and that these services were not included in the itemized bill referred to in paragraph sixth of the answer."

It will be seen that the matters in regard to which an examination has been ordered were the two affirmative defenses of payment and accord and satisfaction. While it is true that the court has power to permit an examination at the instance of the plaintiff, of the defendant as to an affirmative defense (Herbage v. City of Utica, 109 N. Y. 81, 16 N. E. 62; Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318), that power is to be exercised with discretion. It must be made to appear that the evidence sought is material and necessary to the moving party, and that he intends to use it upon the trial. We have pointed out in numerous cases that, unless the examination as to affirmative defenses is carefully guarded, it would result in turning this proceeding, which has for its object the ascertainment and preservation of material evidence, into a mere inquisition or fishing excursion into the evidence of the other side, and that therefore such orders should be granted only in peculiar and extraordinary cases. We do not think the case at bar comes within that class.

Plaintiff's case will be made when he proves the employment, the services rendered, and the value thereof. Evidently what he desires is, not evidence to sustain his cause of action, but merely to know in advance how the defendant intends to prove payment.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for examination granted, with $10 costs.

SCOTT and MILLER, JJ., concur. INGRAHAM, P. J., and DOWLING, J., dissent.