HERZIG et al. v. WASHINGTON FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.    April 21, 1911.)

1. Discovery (§ 38*)—Examination Before Trial—Grounds.
    A plaintiff, suing on a fire policy, may not obtain an order for the examination of insurer to gather such information as to the proofs in insurer's possession as will enable him to avoid the defenses of fraudulent proofs of loss and falsely swearing and producing fraudulent proofs on an examination pursuant to the policy.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 38.*]

2. Discovery (§ 55*)—Examination Before Trial—Officer of Corporation.
    Under Code Civ. Proc. § 872, subd. 7, providing that, where the party sought to be examined is a corporation, the affidavit shall state the name of the officer whose testimony is necessary, a plaintiff desiring to examine the officer of a foreign corporation doing business in the state must show that the person sought to be examined is an officer, and it is not sufficient to merely describe him as a managing agent.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 55.*]

Appeal from Special Term, New York County.

Action by George B. Herzig and another against the Washington Fire Insurance Company.    From an order denying a motion to vacate an order directing the examination of defendant, it appeals.    Reversed, and motion granted.

See, also, 128 N. Y. Supp. 565.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles Goldzier, for appellant.
Clayton J. Heermance, for respondents.

SCOTT, J.    [1] Defendant appeals from an order denying its motion to vacate an order for its examination by Walter McBain, described as its managing agent within the city and state of New York. The plaintiffs sue as trustees for the benefit of the creditors of H. Leonard Simmons, upon a policy of fire insurance issued by defendant. The complaint is in the form commonly used in such actions, and the answer, besides certain denials, contains two affirmative defenses, one that the insured made false and fraudulent proofs of loss, and the other that he swore falsely and produced fraudulent proofs upon an examination had pursuant to the terms of the policy.    It is apparent from the affidavit upon which the order was granted that the plaintiffs' purpose is not to obtain evidence to support their case, or even to controvert the case which may be made by defendant, but is to gather such information as to the proofs in defendant's possession, as will enable them, in the language of the affidavit, "to avoid the defenses."    The courts are at present disposed to grant orders for the examination of adverse parties with great liberality, even to the extent, in some cases, of permitting a plaintiff to examine the defendant as to an affirmative defense; but it still remains necessary that the evidence to be elicited is of such a character that it may be necessary

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and material to the moving party, and that he intends to use it upon the trial, but it is only in rare and exceptional cases, if at all, that the court will permit a plaintiff to pry into his opponent's defense merely for the purpose of "avoiding" it on the trial. Tuthill v. Schinasi, 141 App. Div. 520, 126 N. Y. Supp. 409. Upon this ground the motion to vacate should have been granted.

[2] It is also objected that it does not appear from the affidavit on which the order was granted that the person to be examined was an officer of defendant, for a corporation can be examined only through an officer or director. Code Civil Procedure, § 872, subd. 7. The party to be examined is described as a "managing agent," which does not import, as language is ordinarily used, that he is an officer. There is no magic in names, however, and it may be in some cases, and especially with reference to foreign corporations doing business in this state, that the relation to the corporation and the duties of a person called a managing agent are such as to indicate that he is in fact an officer. But, if this be so, it is incumbent upon the party, applying for the order, to cause the fact affirmatively to appear, for there is no presumption that an agent, managing or otherwise, is an officer.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.