(75 App. Div. 497.)

PEOPLE ex rel. O'TOOLE v. STEWART, Superintendent of Buildings.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)·

1. DEPARTMENT OF BUILDINGS—ABOLITION—EMPLOYES.

Laws 1897, c. 378, § 96, created a department of buildings in the city of New York, to be conducted by three commissioners with power to appoint and at pleasure remove subordinate officers. Laws 1901, c. 466, omitted the department of buildings as one of the administrative departments, repealed the former provision for the appointment of the commissioners of buildings, and provided that the president of each borough should appoint a superintendent of buildings, who should have power to appoint and remove subordinates. *Held*, that the abolition of the department of buildings abolished the offices of employés of that department.

2. SAME—REINSTATEMENT.

Under Charter, § 1543, providing that when any employment is abolished the persons filling the employment shall be deemed suspended without pay, and shall be entitled to reinstatement in any similar employment should there be need for their services, an employé of the abolished department of buildings is only entitled to reinstatement when the superintendent of buildings decides that his services are needed, and in the absence of any showing of bad faith on the part of the superintendent his decision in that regard is not reviewable by the courts.

Appeal from special term, New York county.

Application for a writ of mandamus by Andrew F. O'Toole against Perez M. Stewart, as superintendent of buildings for the borough of Manhattan, to compel respondent to reinstate applicant as plumbing inspector. From an order granting the writ, respondent appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William B. Crowell, for appellant.
William E. Morris, for respondent.

INGRAHAM, J.  It was alleged by the relator that on the 26th of January, 1899, he was appointed a plumbing inspector in the department of buildings in the city of New York, and entered upon the performance of his duties thereunder; that prior to his appointment he had duly passed the requisite competitive civil-service examination, and was appointed in pursuance thereof; that on the 2d of January, 1902, he was removed without notice, and upon these facts he was granted a mandamus requiring the superintendent of buildings to reinstate him in that position.  By the charter of 1897 (chapter 378, Laws 1897) there was constituted a department of buildings (section 96), the head of which was to be three commissioners appointed by the mayor (section 102).  One of these commissioners was given administrative jurisdiction in the borough of Manhattan and the Bronx, one in the borough of Richmond, and one in the borough of Brooklyn (section 644).  The commissioner for the boroughs of Manhattan and the Bronx was given all powers, rights, and duties, and was subject to all obligations theretofore vested in, conferred upon, or required of the department of buildings or the superintendent of buildings of the city of New York as theretofore constituted (section 646); and each commissioner within the borough or boroughs in which he was appointed was to exercise administrative jurisdiction, and was given power to appoint and at pleasure remove such subordinate officers as in his judgment were necessary and proper to carry out and enforce the rules, regulations, and ordinances, and the provisions of law and of the charter, within the borough or boroughs under his jurisdiction (section 648).  Under this charter the relator was, on the 26th day of January, 1899, appointed a plumbing inspector in the building department.  By chapter 466 of the Laws of 1901, which took effect on the 1st day of January, 1902, the charter of 1897 was amended in many important particulars.  Section 96 of the charter of 1897 was amended by leaving out the department of buildings as one of the administrative departments of the city of New York; and section 102 of the act, which provided for the appointment of the board of buildings, was repealed.  Section 382 of the charter provided that there should be a president of each borough, to be elected by the electors of the borough; by section 405 there was created in the office of each borough president a bureau to be known as the "Bureau of Buildings" for that borough, and it was provided that the presidents of the boroughs of Manhattan, the Bronx, and Brooklyn should each, within the borough for which he was elected, appoint a superintendent of buildings for the borough.  Section 406 provided that each superintendent of buildings, within the limits of his appropriation, should have power to appoint and at pleasure remove subordinate officers. This section, after providing for the punishment of any officer by the superintendent, also provided:

"But this provision shall not be deemed to abridge the right of said officer to remove or dismiss any inspector of buildings or other subordinate appointed by him or by any predecessor in office from the service of the bureau at any time within his discretion."

These amendments to the charter took effect on the 1st of January, 1902, and on that day the respondent was appointed by the president

of the borough of Manhattan as superintendent of buildings for that borough. It seems to me that the effect of this legislation was to abolish the department of buildings; to legislate out of office the board of commissioners, the head of the department, and the employés of such board in the various boroughs of the city of New York. There was no longer a department of buildings as a separate department, the head of which was appointed by the mayor, but there was created in each of the boroughs of the city a bureau in the office of the borough president, which had at its head an officer appointed by the borough president, who was to conduct, under the direction of the borough president, the business theretofore vested in the department of buildings in the borough for which he was appointed.

In the boroughs of Manhattan and the Bronx, the employés that had been theretofore appointed for those two boroughs, charged with duties generally appertaining to both boroughs, were relieved from duty; for while administrative jurisdiction in both boroughs had before been confided to one officer,—namely, the commissioner appointed for those boroughs by the mayor,—those functions were to be thereafter exercised by different officers, appointed by the president of each borough. These employés were not thereby entirely removed from the service of the city, but, because of the abolition of their office by the amendment of the charter, they were suspended without pay, and entitled to reinstatement in the same position or employment, or in any corresponding or similar office, position, or employment, if within one year there should be need for his or their services. Charter, § 1543. The provision of this section is as follows:

"Whenever in any department or institution an office, position or employment is abolished or made unnecessary through the operation of this act or in any other manner * * * the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay and shall be entitled to reinstatement."

The effect of the amendments to the charter being to abolish the department of buildings, all employés of the department were suspended without pay, but entitled to reinstatement if their services were required. When this appellant became the head of the bureau of buildings in the borough of Manhattan, it became his duty to appoint such employés as were necessary within the appropriation made for salaries in the bureau. He retained certain of the employés, including such inspectors as he deemed proper, but the relator was not among those retained by him; and the relator thereby became, under the provision of section 1543, suspended without pay until such time as his services should be required. In answer to this application, the superintendent of buildings submitted an affidavit, from which it appears that the board of estimate and apportionment, prior to the 1st day of January, 1902, had, in view of the amendment of the charter abolishing the department of buildings, and creating a bureau of buildings for each borough, made a tentative appropriation for salaries in this bureau; that the salary roll of the old department of buildings for the boroughs of Manhattan and the Bronx called for a monthly expenditure of $25,981.04, while one-twelfth

of the tentative appropriation for salaries for the bureau in the borough of Manhattan was $17,795.83, and that, in consequence of the necessity of reducing the salary list so as to comply with the appropriation for his bureau, he was unable to continue in the employment of the bureau certain of the employés that had theretofore been employed by the department of buildings; and a list of those employés in the department of buildings who were not thus re-employed or continued in the service of the city after the 1st day of January, 1902, was certified to the civil-service commissioners, and their names placed upon the list from which was taken the persons to be appointed when a vacancy occurred, as required by section 1543 of the charter, to which attention has been called. There is no allegation that this suspension of the relator was not made in entire good faith, that any one not theretofore in the employment of the department of buildings had been appointed in his place, or that there has been any violation either in letter or spirit of the civil service law; and from the affidavit in opposition to the application it clearly appears that the suspension of the relator was because of the fact that the provision made on the 1st of January for the payment of salaries was not sufficient to pay all of the employés that had theretofore been in the service of the city in the department of buildings. I think this action of the commissioner was in accord with the express provisions of the charter and the civil service law; that, by the amendment to which attention has been called, the position which the relator held as an employé of the department of buildings was abolished with the abolition of the department, and that, under the charter, all that the relator was entitled to was what he has received, namely, to have his name placed upon the list of those to be subsequently reappointed to the position which he formerly held or a similar position when the public service required that the position should be filled. The fact that on the 1st of May the board of apportionment, in making their final appropriation for the bureau of buildings for the borough of Manhattan, appropriated a larger sum than the tentative appropriation made before January 1, 1902, which would enable the appellant to appoint an additional number of employés, did not entitle the relator to a mandamus requiring the superintendent of buildings to make such appointment. It was only when the services of the relator were required that he was entitled to an appointment, and the power to determine that question was vested in the superintendent of buildings; and over the determination of that question the court has no control. Prior to the commencement of this proceeding, the superintendent had made some additional appointments. In each case he had requested the civil service commissioners to certify to him the names of persons entitled to the position, and had appointed those who had been thus certified; but there is certainly nothing in any provision of the charter to which our attention has been called that entitles this relator to an appointment in the bureau of buildings for the borough of Manhattan until the respondent had determined that additional employés were necessary. The relator seems to base his right to be reinstated upon the assumption that the amendments of the charter did not have the effect of suspending him from

office, and that his removal by the respondent was illegal. We think the statute suspended him from office, and that he was only entitled to reappointment in the event that his services were needed in the bureau of buildings, and it does not appear that this condition has yet arrived. But even assuming that he is right in his argument, and that his position continued after these amendments to the charter, still as the superintendent, in the interest of economy, abolished the position, and in good faith determined that he was not justified in keeping the relator and others suspended at the same time in office, he would still not be entitled to reinstatement until the superintendent determined to make additional appointments, and those having prior right to such appointment had been appointed.

It follows that the relator was not entitled to be reinstated, and that the order appealed from should be reversed with $10 costs and disbursements, and the proceeding dismissed with $50 costs.

VAN BRUNT, P. J., and PATTERSON, J., concur. HATCH, J., concurs except as to costs. LAUGHLIN, J., concurs on the grounds that relator was suspended by operation of law, and only entitled to reinstatement pursuant to provisions of section 1543, and that he does not show that he is entitled at the present time to reinstatement thereunder.