(38 Misc. Rep. 645.)

PEOPLE ex rel. BARNETT v. JOHNSTON, Comptroller.

(Supreme Court, Special Term, Monroe County. September, 1902.)

1. CITY COMPTROLLER—PAY ROLLS—REFUSAL TO COUNTERSIGN CHECKS.

The municipal civil service commission of a city, by its secretary, duly certified the pay rolls of the police department, which contained the name of a person assigned to duty as detective by the commissioner of public safety, under a resolution of the common council. The charter provided that the comptroller should countersign checks drawn by the treasurer. Held, that the comptroller could not, by refusing to sign checks so drawn for the payment of the detective, raise the question that the position of detective had never been classified by the civil service commission, or that it had not determined that a promotion examination of the detective was unnecessary.

Application by the people, on the relation of Walter G. Barnett, for writ of mandamus to James Johnston, comptroller of the city of Rochester. Application granted.

Alexander Otis, for relator.
William A. Sutherland, Corp. Counsel, for city of Rochester.
John Desmond, for James Johnston.

NASH, J.   This is an application for a peremptory writ of mandamus directing the respondent, James Johnston, as comptroller of the city of Rochester, to countersign checks for salary due to the relator, Walter G. Barnett, a patrolman assigned to detective duty by the commissioner of public safety.   The pay rolls of the police department showing the employment of the relator and the salary due him, for which checks have been drawn, have been certified by the commissioner of public safety in due form, and indorsed upon each pay roll is the civil service certification to the effect that, pursuant to a resolution of the civil service commission of the city, it is certified that the persons named in the pay roll as employés of the city have been employed in the positions indicated in pursuance of the civil service law and the rules made in pursuance thereof, as shown by the official roster of the municipal service.   The charter provides that no money shall be drawn out of the city depository except on drafts signed by the treasurer and countersigned by the comptroller. The comptroller refuses to countersign the checks which have been drawn in favor of the relator and signed by the treasurer, and places his refusal upon the ground that the position of detective has never been classified by the civil service commission of the city as in the exempt class, or any other class, and that it does not appear from the record of the civil service commission that it has determined that a promotion examination is not necessary in the case of the relator. An ordinance of the common council provides that the commissioner of public safety may, from time to time, assign to detective duty any member of the police department to serve as a detective as long as the commissioner of public safety shall direct, to be paid while so serving at a rate not less than that heretofore provided for the rank of detective sergeant; which latter office, by the same ordinance, was abolished.   The relator was assigned to service by the commissioner of public safety under and pursuant to the authority conferred by this ordinance.   Whether it was necessary for the civil service commission to classify the position of detective in order to enable the commissioner of public safety to make the assignment, and whether a promotion examination of the relator was necessary, are matters which relate to the regularity of the act of the civil service commission in certifying that the relator had been employed in the position or place indicated on the pay roll in pursuance of the civil service law and the rules made in pursuance thereof.   The civil service law provides that it shall be unlawful for the comptroller or other fiscal agent of a city for which civil service rules have been prescribed to sign or authorize the signing of any warrant on the treasurer or other disbursing officer of the city, for the payment of any salary or compensation to any person in the classified service of the city, unless a pay roll or account of such salary or compensation, containing the names of the persons to be paid, shall bear the certificate of the municipal civil service commission of the city that the persons named in such pay roll or account have been appointed or employed or promoted in pursuance of the rules made in pursuance of law.   The comptroller is not required to look for authority for his indorsement beyond the pay roll bearing the certificate of the civil service commission of the

city, and is not authorized to inquire into the regularity of the proceedings of the civil service commission, or whether the commission has properly performed its duty. Neither can the court make the inquiry for him in this collateral proceeding. The civil service commission had jurisdiction of the subject-matter. Whether the proceedings of the commission have been regular cannot be inquired into except in a direct proceeding for that purpose.

It may, however, be observed, in regard to the contention that the civil service commission has not classified the position of detective provided by the ordinance of the common council, and put it in the exempt class, this court, if necessary to the disposition of this application, could, by its decision, as we have held, adjudge the position to be in the exempt class. It has been judicially determined that the position of a detective is confidential (People v. Lyman, 157 N. Y. 368, 52 N. E. 132), and therefore exempt from classification. But the ordinance of the common council does not create the office of detective, which an appointee may hold for an indefinite term. It provides that the commissioner of public safety may from time to time assign to detective duty any member of the police department to serve as such detective, as long as the commissioner shall direct. It may be for a longer or shorter time, or for an indefinite period determinable in the discretion of the commissioner in accordance with the exigencies of the service. It may be presumed that the civil service commission regarded the making of rules relative to the assignment of members of the police department to detective service by the commissioner of public safety as unnecessary, deeming the pay roll bearing the certificate of the commission a sufficient compliance with the provisions of the civil service law. Whether, if it was so determined, it is strictly in accordance with the provisions of the statute, is a question which cannot be considered on this motion. The determination of the commission that the persons named in the pay roll as employés of the city have been employed in the positions or places indicated therein in pursuance of the civil service law and the rules made in pursuance thereof is strictly within the jurisdiction of the commission. It is in the nature of a judicial act, which can only be reviewed in a direct proceeding for that purpose.

The further technical objection is made that the civil service certification was that of the secretary of the civil service commission, and not the certificate of the commission. The law, it is urged, makes no provision for an appointment of a secretary by the municipal civil service commission, and therefore the commission has no right to delegate its authority to make such a certificate. The municipal civil service commission is given power to prescribe, amend, and enforce rules for the classification of the offices, places, and employments in the classified service of the city, and make regulations for and have control of examinations and regulations for the service of the city, and shall supervise and preserve the records of the same. The commission is required to keep in its office an official roster of the classified service of the city, and shall enter thereon the name of each person employed in any position in such service. The record is not required to be made and kept personally by the members of

the commission. The power to make rules for the appointment of a secretary to make and keep the record of the proceedings of the commission and for the civil service certification thereof is plainly implied. The application for a peremptory writ of mandamus granted, with $25 costs, besides disbursements.

Application granted, with $25 costs, besides disbursements.