PEOPLE v. BARRETT. (Supreme Court, Appellate Division, First Department. October 24, 1902.) Proceedings by the people of the state of New York against Louis Barrett. No opinion. Motion granted.

PEOPLE v. GALLAGHER. (Supreme Court, Appellate Division, First Department. October 24, 1902.) Proceedings by the people of the state of New York against Hugh Gallagher. No opinion. Motion granted.

PEOPLE, Respondent, v. HERBINE, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 14, 1902.) Proceedings by the people of the state of New York against Peter Herbine. No opinion. Judgment of conviction affirmed, and case remitted, pursuant to section 547, Code Cr. Proc.

PEOPLE v. MAY. (Supreme Court, Appellate Division, First Department. October 24, 1902.) Proceedings by the people of the state of New York against Burley May. No opinion. Motion granted.

PEOPLE v. SCHENKEWITZ. (Supreme Court, Appellate Division, First Department. October 24, 1902.) Proceedings by the people of the state of New York against John Schenkewitz. No opinion. Motion granted.

PEOPLE, Respondent, v. WINDHOLZ et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Proceedings by the people of the state of New York against Louis Windholz and another.

PER CURIAM. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Held, that the order for the examination of defendants should be set aside, under the rule laid down in Skinner v. Steele, 88 Hun, 311, 34 N. Y. Supp. 748. The only evidence material to the plaintiff's case which could be given by the defendants would tend to show them guilty of crime and subject them to penalties under the statute. The defendants would be privileged from giving such evidence, and the privilege is asserted by making the motion to set aside the order. See 74 N. Y. Supp. 241.

PEOPLE ex rel. BARNETT, Respondent, v. JOHNSTON, Comptroller, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1902.) Proceedings by the people of the state of New York, on the relation of Walter G. Barnett, against James Johnston, as comptroller, etc. No opinion. Order (78 N. Y. Supp. 212) affirmed, with $10 costs and disbursements.

PEOPLE ex rel. CASTLE, Appellant, v. OWENS, Deputy Sheriff, Respondent. (Supreme Court, Appellate Division, Fourth Department. September 30, 1902.) Proceedings by the people of the state of New York, on the relation of James H. Castle, against Hugh P. Owens, deputy sheriff and jailer.

PER CURIAM. Appeal dismissed, without costs. Held that, inasmuch as counsel conceded upon the argument that the charge against the relator has been presented to the grand jury and no indictment found, it is unnecessary to consider the appeal.

PEOPLE ex rel. CHIRURG v. CALDER, Bldg. Supt. (Supreme Court, Appellate Division, Second Department. October 10, 1902.) Proceedings by the people of the state of New York, on the relation of Isidore S. Chirurg, against William N. Calder, as superintendent of buildings, etc. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. DOLAN, Respondent, v. STEWART, Bldg. Supt., Appellant. (Supreme Court, Appellate Division, First Department. November 7, 1902.) Mandamus by the people, on the relation of Hugh Dolan against Perez M. Stewart, as superintendent of buildings, to require respondent to reinstate relator as inspector of buildings. From an order granting the writ, respondent appeals. Reversed. William B. Crowell, for appellant. Edgar M. Leventritt, for respondent.

PER CURIAM. For the reasons stated in O'Toole v. Stewart (decided herewith) 78 N. Y. Supp. 473, the order appealed from should be reversed, with $10 costs and disbursements, and the proceeding dismissed, with $50 costs.