(39 Misc. Rep. 709.)

KASTOR v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. February, 1903.)

1. MUNICIPAL CORPORATIONS—DEPARTMENT CLERK—SUSPENSION — COMPENSA-
TION.

A clerk of a department of the city of New York which was abolished
on January 1, 1902, was unlawfully dismissed therefrom on August 20,
1901, and was reinstated on January 27, 1902, and re-employed June 10,
1902, at the same salary, by the president of the borough, on whom the
duties of the department had devolved. *Held*, that under Laws 1901, c.
466, § 1543, providing that a person legally holding office or filling the
position abolished shall be suspended without pay, the clerk was not enti-
tled to salary from January 1, 1902, to June 10, 1902.

Action by William H. Kastor against the city of New York. Judg-
ment for plaintiff.

A. S. Gilbert, for plaintiff.

George L. Rives, Corp. Counsel (J. F. O'Brien, of counsel), for de-
fendant.

CLARKE, J. Prior to the 20th day of August, 1901, plaintiff was
employed by the city under proper legal appointment as a senior clerk
in the department of public buildings, lighting, and supplies at a salary
of $1,000 a year. On that day he was unlawfully removed by Com-
missioner Kearney, the head of that department. On December 12,
1901, he commenced mandamus proceedings for his reinstatement,
which resulted in an order entered January 27, 1902, which order di-
rected "the respondent, Henry S. Kearney, as commissioner of public
buildings, lighting, and supplies, to reinstate the relator, William H.
Kastor, to the place of senior clerk in said department, from which he
was wrongfully removed; together with back pay from August 20, 1901,
the date of his wrongful removal, and interest thereon from the various
dates when said salary became due and payable." On the 1st day of
January, 1902—27 days prior to the entry of this order—the amended
charter took effect, under the provisions of which the department of
public buildings, lighting, and supplies was abolished, and the duties
thereof devolved upon the borough president, Mr. Cantor, who, how-
ever, was not substituted in said proceeding as respondent. As mat-
ter of fact, plaintiff was, on the 10th day of June, 1902, re-employed by
the city as senior clerk at the same salary under the borough president.
He now sues for his salary for the period from the 20th of August,
1901, to the 10th of June, 1902. The city admits its liability from the
20th of August, 1901, to the 1st of January, 1902. Under the order
plaintiff must be considered to have been a senior clerk in the de-
partment of public buildings, lighting, and supplies up to the 1st of
January, 1902. The order was made upon the facts as they existed
on the 20th of August, 1901, the date of the unlawful removal. This
is so as matter of law, and is evidenced by the language thereof, it
being a direction to Henry S. Kearney, as commissioner of said de-
partment, to reinstate relator as senior clerk in said department. But,
when made, said Kearney was not commissioner, nor was there any
such department. If we consider that what ought to have been done

was done, we may regard plaintiff as a senior clerk in said department up to the 1st of January, 1902. On that date the department was abolished. Section 1543 of the charter (Laws 1901, c. 466) provides:

"Wherever in any department * * * an office, position or employment is abolished, or made unnecessary through the operation of this act, * * * the person or persons legally holding the office or filling the position or employment thus abolished * * * shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services."

In considering the effect of the charter changes, the Appellate Division said, in Matter of O'Toole v. Stewart, 75 App. Div. 497, 78 N. Y. Supp. 473, of the department of buildings, and the same considerations apply to the department of public buildings, lighting, and supplies:

"The effect of this legislation was to abolish the department of buildings, to legislate out of office the board of commissioners, the head of the department, and the employés of such board in the various boroughs of the city of New York. * * * These employés were not thereby entirely removed from the service of the city, but because of the abolition of their office by the amendment of the charter they were suspended without pay, and entitled to reinstatement in the same office, position, or employment, or in any corresponding or similar office, position, or employment, if within one year there should be need for his or their services."

If, therefore, the plaintiff is to be considered as having been restored to his position or employment as of the 20th day of August, the date of his unlawful removal, and to have so continued until the 1st day of January, 1902, upon that date the statute abolished the department, and suspended him without pay. That being the effect of the statute, I fail to see how, in this action to recover salary, he can succeed during the period of his suspension. Plaintiff may have judgment for the amount of his salary from August 20, 1901, to December 31, 1901, with interest, costs, and 5 per cent. allowance.

Judgment for plaintiff, with interest, costs, and 5 per cent. allowance.